WILSON *vs.* GARRICK *et al.*

1. There was no error in holding that the defendants were *bona fide* purchasers of property sold under an order of court, notwithstanding a notification to them that it was being sold illegally; that the constable was selling without authority of law, and that whoever bought it would get with it "a first-class lawsuit." This was mere matter of opinion, unaccompanied by any reasons or grounds therefor; and moreover it was erroneous.

2. Where a mule had been levied on under an execution returnable to a justice's court, and a claim had been interposed, but the property not replevied, an order from the justice for the sale of the property and the bringing of the proceeds into court to abide the result of the case, in order to save expense of keeping and prevent loss by deterioration of value or by death, was not rendered invalid because it did not fully recite the facts authorizing the sale, and that defendant had the requisite notice of the same.

(*a*) Strictness of pleadings is not required in justices' courts.

(*b.*) It will be presumed that the magistrate required proof of notice to the defendant.

March 18, 1884.

Levy and Sale. Notice. Justices' Courts. Presumption. Vendor and Purchaser. Before Judge STEWART. Coweta Superior Court. September Term, 1883.

Mrs. Sallie Wilson brought trover against M..J. Garrick and W. L. Carlton to recover a mule. The facts were, in brief, as follows: A judgment was recovered by Brantly, agent for Austin & Ellis, against William Wilson and Sallie Wilson, and execution issued and was levied on the mule in dispute. Mrs. Wilson interposed a claim, alleging that it had been set apart to her as an exemption for the benefit of herself and children, but the property was not replevied. Plaintiff made affidavit before the justice that it was expensive to keep and was liable to deterioration, and prayed that the mule be sold and the money brought into court; and on the same day the magistrate granted an order to that effect, reciting that the case had been appealed to the superior court; and the sale was advertised and made by the constable on the next court day. Defendants claim under that sale, and its validity was the leading point in dispute. The application and order were objected to, but were admitted in evidence. They did not show notice of the application before granting the order. J. F. Methvin, Esq., for plaintiff, testified that at the sale one of the defendants asked him if he could safely buy the mule, and he replied that the mule was being sold illegally; that the officer was selling it without any authority of law at all, and that whoever bought it would get with it " a first-class lawsuit." Mrs. Wilson also denied service of the summons on which the judgment against her was founded.

The jury found for the defendants. Plaintiff moved for a new trial, on the following grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: "Gentlemen of the jury, if you shall be satisfied from the evidence in this case (and I express no opinion as to what the evidence

is) that the mule in controversy had been levied upon by a lawful constable under a *fieri facias* against the defendant, Sallie Wilson, who is the plaintiff in this action, and that plaintiff, said Sallie Wilson, had interposed a claim to said mule, but failed to replevy the mule or give a forthcoming bond in terms of the law, and that a claim suit was pending in court in respect to said mule, and that said mule remained in the hands of the constable, and that it was plainly made to appear to the justice of the peace of the district in whose court said claim suit was pending and in which the property was, that there was expense incident to keeping of the mule, and that it was liable to deteriorate in value, and an order for the sale of the said mule was made by said justice of the peace, and that said constable, in pursuance of such order, sold said mule on a regular sale day between the lawful hours of sale and at the established court ground, the same being the place where such sales are usually made, and the sale was fair and in accordance with the requirements of law, and defendant purchased the said mule fairly and innocently and in absence of all fraud or bad faith, then the plaintiff is not entitled to recover, and your verdict should be for the defendants. It is competent for the justice of the peace in such a case to order a sale of personal property of a perishable nature, and when such order is made by the justice of the peace, and the constable sells in pursuance of such order, and after observing all of the requirements of the law in such cases, and a person buys at such sale fairly and innocently and without fraud, then he gets the title; and in such case the verdict should be for the defendants."

(3.) Because the court admitted in evidence the application and order for the sale of the mule, plaintiff objecting, on the ground that they were not authorized under the law.

The motion was overruled, and plaintiff excepted.

METHVIN & HARDY, for plaintiff in error.

J. S. BIGBY; McLENDON & FREEMAN, for defendants.

HALL, Justice.

There is not a single error specifically set forth, either in the motion for a new trial, or in the bill of exceptions. The objections to the admission of testimony are the most vague and general, and should not have been noticed by the superior court. The entire charge of the court upon a particular question is claimed to be erroneous, without specifying in what the error consists, and while, under §4251 of the Code, we should, perhaps, refuse to consider these general assignments, yet, as they have been argued, we will pass upon them.

1. There was no error in holding that the defendants were *bona fide* purchasers of the mule in question, notwithstanding the notification to them that it was being sold illegally, and that the constable was selling without authority of law, and that whoever bought it would get with it "a first-class lawsuit." This was mere matter of opinion, unaccompanied by any reasons or grounds for such an opinion. The opinion was erroneous, likewise, as will be presently seen.

2. The mule had been levied on and claimed, but not replevied, and was in the hands of the levying officer. To save expense of keeping and prevent loss by deterioration of value or by death, the justice of the peace, to whose court the execution was returnable ordered it sold, and the proceeds of the sale held up to abide the result of the claim case. It is insisted here that because the order directing the sale did not fully recite the facts authorizing the sale, and that defendant had the requisite notice of the same, that it was void. This was an order from a justice's court, in which no great strictness or particularity of pleading is looked for or required. Besides, the statute does not require the facts to be set out in the order; it

simply declares the duty of the justice, upon certain facts being made plainly to appear to him, to order the sale. Code, §3648. The omission in the recital of any one of them would amount only to an irregularity, at most, and would not affect the title of purchasers at the sale, under the order, as were the defendants in this case. It would be going a great way to presume that no notice was given to the defendant in the *fi. fa.* of the intention to apply for the order; the presumption, on the contrary, is that the magistrate did his duty by requiring proof of the notice, and this presumption is fortified by the fact that no effort was made to arrest the execution of the order because of the failure to give the notice required by the act.

It is admitted that the claimant had the right to replevy the property, and if she failed or refused to do so, then the plaintiff in execution might replevy it; and if he neglected or refused so to do, then the claimant might apply to the ordinary for an order to sell it. Act of 1870 ; Code, §§3734, 3735. But this is a case where none of these conditions were complied with; both claimant and plaintiff in execution failed or were unable to replevy, and the claimant does not show that she made any application to the ordinary. The case was not covered by this legislation, but by that of 1873 and 1880, embodied in §3648 of the Code, under which the order was taken. The defendants having purchased under this order, got a good title to the mule. The charges and rulings of the court were in accordance with these views, and appear to us to have been unobjectionable. Under these instructions and the evidence in the case, the jury could have returned no other verdict than they did.

Judgment affirmed.