## Townsend v. The State.

Although a check upon a bank is in many respects a bill of exchange, yet as the penal code distinguishes between them, in that, while rendering the forgery of either an offence, it does not provide for the case of drawing a check in a fictitious name, but

does provide for the execution of a bill of exchange in a ficti-
tious name, it cannot be held that a check upon a bank is a bill
of exchange within the true meaning and intent of section 4453
of the code. The instrument involved in the present case being
a check upon a bank, there can be no conviction under that count
in the indictment which describes it as a bill of exchange and
charges the making of it in a fictitious name.

December 18, 1893.

Indictment for forgery. Before Judge HENRY. Floyd
superior court. September term, 1893.

FOUCHÉ & FOUCHÉ, for plaintiff in error.

W. J. NUNNALLY, solicitor-general, *contra.*

SIMMONS, Justice.

The controlling question in this case is, whether a
check upon a bank is a bill of exchange within the
meaning of section 4453 of the code, which declares
that "any person who shall draw or make a bill of ex-
change, due bill, or promissory note, or indorse or ac-
cept the same in a fictitious name, shall be guilty of
forgery, and, on conviction, be punished by imprison-
ment and labor in the penitentiary for any time not less
than two years nor longer than seven years." In the
second count of the indictment—which is the one under
which the plaintiff in error was convicted, the first
count having been excluded by the court from the con-
sideration of the jury—it is charged that the plaintiff
in error and one Crankfield "did make a certain bill of
exchange in a fictitious name in words and figures as
follows: 'Rome, Ga., April 12th, 1893. No. — The
Merchants National Bank of Rome pay to Henry
Crankfield or bearer $140.93     143     one hundred &
93-100 dollars, Cave Spring, Ga.    Albert M. Tumlin';
the said Albert M. Tumlin not being their real and true
name but a fictitious name, and used for the purpose of
wronging and defrauding one Albert N. Tumlin and
the Merchants National Bank of Rome, of the sum of
one hundred and forty and 93-100 dollars." The paper

put in evidence was executed by filling out and signing, as set out in the indictment, a blank check of the Merchants National Bank of Rome. It was contended that this paper was simply a check, and not a bill of exchange, and that the conviction was therefore illegal.

Undoubtedly a check upon a bank is in some respects a bill of exchange; and there are instances where in the construction of penal statutes a check has been held to fall within that designation. (Whart. Crim. Plead. & Prac. §137.) On the other hand, it has been said that "a check is not, either in common parlance, or in the technical language of the books, called a bill of exchange, . . though it may, in some respects, have the same legal operation." Chief Justice Kent, in People *v*. Howell, 4 Johns. Rep. 301. And see Bigelow on Bills (ed. 1880), 115, 116; 3 Am. & Eng. Enc. of Law, Art. "Checks," p. 211; NISBET, J., in *Daniels* v. *Kyle*, 1 *Ga*. 306. In arriving at the meaning of the term "bill of exchange" as used in the section of the code under which this conviction was had (§4453, *supra*), other sections which are *in pari materia* are to be considered in connection with that section; and thus construing them, it will be seen that a distinction is made between bills of exchange and bank checks. The forgery of either is made an offence, the false and fraudulent making etc. of "any check or draft upon any bank of this State" being dealt with in section 4445; and the false and fraudulent making etc. of "any note, bill, draft or check of or on any person, body corporate, company, or mercantile house or firm, or purporting so to be," being dealt with in another section (§4450); but the case of drawing or making a check in a fictitious name is not provided for, unless the term "bill of exchange," as used in section 4453, should be construed to include checks. In sections 4446, 4447, 4448 and 4449, the term "bills" and the term "checks" are both

used, the one being followed in each instance by the
other.   Section 4453, as we have seen, refers only to " a
bill of exchange, due bill or promissory note."   Whether
the definition of a bill of exchange, as given in the
civil code (§2773), should be construed to include a
check upon a bank, or not, we cannot, in· view of the
distinction made by the penal code, hold that, within
the meaning of section 4453, a check upon a bank is a
bill of exchange.   The case is similar to that mentioned
in Bishop on Statutory Crimes (2d ed.), §326, where
one section provided a particular penalty for passing
counterfeit bank-bills and another a different one for
passing counterfeit promissory notes, and it was held
that though the words "promissory notes" would, on
general principles, include bank-bills, they did not
within the meaning of the particular statute.   See
State v. Ward, 6 N. H. 529.

The paper in question here being an ordinary bank
check, it follows that a conviction under section 4453
was improper, and the court below erred in overruling
the motion for a new trial.          · *Judgment reversed.*