#### 4125. SAFFOLD v. THE STATE.

RUSSELL, J. 1. The evidence authorized the finding of the jury, and the trial judge did not abuse his discretion in overruling the motion for a new trial.

2. There is no merit in the assignment of error based upon the excerpt from the charge of the court; nor is the exception that the court erred by intimating an opinion as to what had been proved sustained by the record. It is permissible for the trial judge to state his recollection of what has been testified, when, in doing this, he does not intimate any opinion as to the weight which the jury should attach to the testimony, or that any statements which have been made are true.

3. There was no error in the ruling upon the admissibility of the testimony to which objection was made. As to this point the decision is controlled by the ruling of the Supreme Court in *Farmer* v. *State,* 100 *Ga.* 41 (28 S. E. 26). An intent to defraud is not presumed by law, but is a matter of fact, to be determined by a jury. "A single act or representation, in many cases, would not be decisive, especially where the accused has sustained a previous good character. But when it is shown that he made similar representations, about the same time, to other persons, and by means of such representations obtained goods, all of which were false, the presumption is greatly strengthened that he intended to defraud." *Trogdon* v. *Commonwealth,* 31 Grattan (72 Va.), 862.

4. The solicitor-general is not permitted to refer to the fact that the defendant has not made a statement, but he may properly comment upon the fact that the accused has failed to adduce testimony in rebuttal of evidence introduced by the State, tending to show his guilt.

*Judgment affirmed.*

DECIDED JUNE 5, 1912. REHEARING DENIED JULY 23, 1912.

Indictment for felony; from Fulton superior court—Judge Thomas presiding. March 4, 1912.

The indictment charged A. R. Saffold with "the offense of obtaining money on false writing," for that in Fulton county, on the 14th day of June, 1911, he "did designedly, by color of the following counterfeit writing and check, made in the fictitious name of J. H. Vandiver and signed in the fictitious name of W.

B. Smith, and indorsed in the fictitious name of J. H. Vandiver, obtain from the West End Bank, a corporation, the sum of $27.50, said check being passed and uttered designedly and fraudulently by the aforesaid Saffold, and the cash on the same paid by said West End Bank, the said Saffold obtaining money on said check signed in said fictitious names, with the intent to defraud said West End Bank of the sum of $27.50 in money of the value of $27.50; said check thus used to obtain said money being as follows: 'Citizens Bank and Trust Co. No.——      Athens, Ga., June 14, 1911. Pay to the order of J. H. Vandiver $27.50 Twenty-seven 50/ dollars. W. B. Smith;' contrary to the laws of said State," etc. The defendant demurred on the following grounds: (1) The indictment is insufficient to charge a crime, in that it attempts to charge the obtaining of money on a false writing, under section 249 of the Penal Code (1910), and attempts at the same time to charge the offense of uttering a counterfeit check, which is a separate offense, under section 244 of the Penal Code. (2) The indictment is not good under section 249 of the Penal Code, because this section does not include the use of counterfeit checks, but was intended for writings other than checks, section 244 being inclusive of checks, and section 249 being exclusive of checks. (3) The defendant can not be convicted under section 244, for the reason that the alleged check is charged to be fictitious. (4) The indictment is insufficient to charge the defendant with the commission of a crime. (5) The check having been described as fictitious, and the defendant having been charged in one sentence of said count with having obtained money under color of the same, and this being the gravamen of the charge, the defendant can not be prosecuted in the same count for uttering and passing a counterfeit check. The description of the writing as a check takes the indictment out of section 249 of the Penal Code, and the mixed charge of obtaining money, under this section, does not charge the commission of a crime under section 244. (6) The said count, there being only one, is so self-contradictory that it fails to charge the commission of any crime punishable under the law. The demurrer was overruled. The accused was convicted, and the case came to this court on exceptions to the overruling of the demurrer and to the refusal of a new trial.

In the motion for a new trial it is alleged that the court erred

in charging the jury as follows: "The court instructs you, in the same connection, that if you believe, from the testimony, that, for the purpose of obtaining that amount of money from the West End Bank, he had in his possession such a check, that it was fictitious and fraudulent in the manner alleged in the indictment, and that in the course of commercial transactions or business relations he passed that check into the bank and obtained credit thereon, and then issued a check upon the bank, and in that manner procured from it the fund for which he had obtained credit, and if you believe beyond a reasonable doubt that that was done, and that the defendant did that, and that he adopted that plan for the purpose of getting the money by fraud, and he did get it by fraud, in the manner alleged in the indictment, it would be your duty to convict."

In argument at the trial, counsel for the accused contended that Miss Tunison, "who they said paid the money," failed to identify the accused as being the man to whom she paid it, and that the check was not in evidence. The solicitor-general contended that the check had been admitted in evidence. "The court stated, in reply to counsel who addressed the court, that, as he recollected the evidence, one of the witnesses had testified that the signature on the check was the signature of the defendant, who stated that his name was Vandiver, and the young lady testified that she paid the money to a man who represented himself to be Vandiver; and that if the check had not been admitted in evidence, the court wanted it understood that it was admitted." This statement of the judge is complained of, as being a declaration or intimation to the jury as to what had been proved.

Over the objection that it did not relate to the transaction charged in the indictment, and was irrelevant and prejudicial to the accused, the court admitted evidence that in June, 1911, the accused made various deposits in the West End Bank, including checks payable to J. H. Vandiver and indorsed in that name, and drew various checks in that name on the same bank; this evidence being offered for the purpose of showing a scheme to deceive the bank, by which the accused obtained money on the check described in the indictment. And over a like objection, the court allowed the State to introduce, as bearing on the question of fraudulent intent, evidence that at different times near the date alleged in

the indictment, the accused obtained money from different sources on worthless checks drawn on different banks and signed by him in various names. The admission of the evidence in question is complained of in the motion for a new trial.

The solicitor-general, in his argument to the jury, stated that the defendant by his own acts admitted his guilt; that he did not produce a witness to disprove it. Counsel for the accused objected to this statement and moved that the court declare a mistrial, upon the ground that the solicitor-general had "argued the failure of the defendant to make a statement." The solicitor-general stated that he did not intend to argue that the defendant did not make a statement, but intended to refer to the defendant's failure to introduce evidence. The court declined to declare a mistrial, and told the solicitor-general that he could "explain that to the jury and go on with the argument;" and this was done. It is alleged that the court erred in not declaring a mistrial.

*Mozley & Moss,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

ON MOTION FOR REHEARING.

RUSSELL, J. Upon the original investigation of the record and the briefs in this case, the point raised by the demurrer was maturely considered, and it was the opinion of the court that the demurrer was properly overruled; but, by inadvertence, the point was not dealt with in the decision.

In our opinion, the rulings in *Townsend* v. *State,* 92 *Ga.* 732 (19 S. E. 55), and *Brazil* v. *State,* 117 *Ga.* 32 (43 S. E. 260), have no application whatever to the question presented by the case at bar. In the *Brazil* case the indictment (which contained two counts, one charging forgery and the other that the accused did "falsely and fraudulently pass, pay and tender in payment" the paper alleged to have been forged by him) was held to be sufficient, and the statement that "our penal laws fail to provide a punishment for uttering a bank check drawn in a fictitious name" is clearly obiter dictum, because that specific point was not before the court for decision. In the *Townsend* case Judge Simmons was dealing with an indictment based upon the second division of section 4453 of the Code of 1882 (section 247 of the Penal Code of 1910), and the controlling question before the Supreme Court was whether a check upon a bank is a bill of exchange, within the

meaning of that section; and the judgment was reversed solely because the court was of the opinion that a check is not a bill of exchange, within the purview of our criminal statutes. The indictment in the *Townsend* case charged the defendant with making a bill of exchange in a fictitious name, and set out a check upon the Merchants National Bank of Rome. In concluding the opinion (and showing that evidently the case was decided upon that point alone) the court held that, "the paper in question here being an ordinary bank check, it follows that the conviction under section 4453 was improper, and the court below erred in overruling the motion for a new trial." It is clearly to be seen that the trial court in the case at bar properly held that the indictment was brought under section 249 of the Penal Code of 1910; and, therefore, the question presented to us, instead of being, as in the *Townsend* case, whether a check is a bill of exchange, is whether a check can properly be held to be a "writing" under that section.

We are of the opinion that, although criminal statutes are to be strictly construed, the broad generic term "writing" can aptly include the more specific term "check," and, therefore, that the court did not err in overruling the demurrer. It was properly held in the *Townsend* case, supra, that in prosecutions under section 4453 of the Code of 1882 (section 247 of the Penal Code of 1910), a distinction exists between the terms "bill of exchange" and "check," for the reasons pointed out in the opinion. The accused in the case now before us, however, was not indicted under section 247 of the Penal Code, but is charged under the provisions and in the terms of section 249 with obtaining money by means of a false writing made in a fictitious name. It is true the paper set out is what is ordinarily called a "check;" it may be said to be a check, but it is none the less a "writing," and section 249 is intended to cover any case of obtaining goods or money on a false writing. Section 247 is directed against the man who draws or makes the papers dealt with, or indorses or accepts them; section 249 denounces the obtaining of goods or money, though the accused may not have written the writing which is used to defraud another. Section 247 refers only to cases in which a fictitious name is used; section 249 punishes one who employs a false or forged writing issued in the name of a real person, as well as him who employs a false writing made in a fictitious name. An essential element in

the offense penalized by section 249 is the obtaining of goods or money, or both; one may violate section 247 without obtaining anything of value.        *Motion for rehearing denied.*