SAFFOLD *v.* MANGUM, sheriff.

1. A judgment rendered by the Court of Appeals on a matter within its jurisdiction is conclusive upon the parties thereto, and its correctness can not be called in question by a writ of habeas corpus.
2. An unsuccessful plaintiff in error who makes a motion for a rehearing agreeably to the rules of the Court of Appeals is not denied due process of law because that court amends its opinion filed in support of the judgment, without first granting a rehearing, by incorporating therein a ruling inadvertently omitted, which omission was brought to the attention of the court by the motion to rehear.

> DECEMBER 11, 1912.

Habeas corpus.  Before Judge Ellis  Fulton superior court.  August 9, 1912.

*Mozley & Moss,* for plaintiff in error.

Hugh M. Dorsey, *solicitor-general,* and *E. A. Stephens,* contra.

Evans, P. J. The plaintiff in error was indicted by the grand jury of Fulton county for the offense of obtaining money on a false writing; for that he designedly, by color of a certain counterfeit writing, made in a fictitious name, viz., a check, did obtain a certain sum of money from an incorporated bank. He interposed a demurrer to the effect that the facts alleged did not constitute the crime denounced in the Penal Code, § 249, and were insufficient in law to charge any crime. His demurrer was overruled, and he excepted pendente lite. The case proceeded to trial, and he was convicted. He made a motion for new trial, which was overruled, and he sued out a bill of exceptions to the Court of Appeals, assigning error on the ruling pendente lite, and on the judgment overruling his motion for new trial. On June 5, 1912, the Court of Appeals rendered a judgment affirming that of the lower court, and on the next day the plaintiff in error made a motion for a rehearing. The Court of Appeals declined to grant a rehearing, but amended its opinion so as to include a ruling on the demurrer, reciting, in its opinion declining a rehearing, that upon the original investigation of the record the point raised on demurrer had been maturely considered, and that the court was of the opinion that the demurrer was properly overruled, but by inadvertence the point was not dealt with in the opinion filed with the judgment of affirmance. 11 *Ga. App.* 329, 332 (75 S. E. 338). On the same day that the rehearing was denied the Court of Appeals ordered the remittitur to be sent to the lower court; which was done. Thereafter the plaintiff in error sued out a writ of habeas corpus before the judge of the superior court of Fulton county, demanding release from custody, on the grounds, that the indictment charged no offense against the laws of Georgia; that he had been denied due process of law, in that the Court of Appeals in its original opinion ignored the point raised on demurrer; that the indictment charged no crime; and that the court had no right to subsequently rule thereon without granting a rehearing in the case. The court refused to discharge the plaintiff in error, and he excepts to that judgment.

1. There is no pretense that the superior court of Fulton county was without jurisdiction to try the issues formed by the

indictment, demurrer, and plea. The complaint is that the trial court erroneously adjudicated that the indictment charged the commission of a crime. Under the constitution of this State, the only court which could review that judgment was the Court of Appeals, and its decision is final upon the parties. Civil Code, § 6506. That court did adjudicate that a crime was charged in the indictment, and that the trial was without error. Whether that judgment be erroneous or not, it is not void, and it is conclusive on the plaintiff in error, and can not be reviewed by writ of habeas corpus. It is elementary law that the judgment of a court of competent jurisdiction, though it may be erroneous, nevertheless is not void. It is not to be understood that we even intimate that the decision of the Court of Appeals was erroneous; for, on the contrary, we think it correctly decided the point raised by the demurrer. The Penal Code, § 249, denounces as a crime the obtaining of money or other valuable thing by color of a counterfeit writing made in a fictitious name. It applies to a counterfeit check made in a fictitious name, as well as any other counterfeit writing. The decision of this court in *Townsend* v. *State,* 92 *Ga.* 732 (19 S. E. 55), differentiated by the Court of Appeals, related to the crime denounced in the Penal Code, § 247, which makes it a felony to draw or make a bill of exchange, due bill, or promissory note in a fictitious name, whether money is obtained on the same or not. We do not think the other case relied on by counsel (*Brazil* v. *State,* 117 *Ga.* 32, 43 S. E. 460) sustains their contention.

2. But it is said that the plaintiff in error has been denied due process of law, because the Court of Appeals in its original opinion failed to pass upon the demurrer, and that it was without power to subsequently amend its opinion, incorporating a ruling thereon, without first granting a rehearing in the case. This position is untenable. The court did not amend its judgment, which affirmed that of the court below. It simply supplied an inadvertent omission from the opinion written in support of the judgment, when it was brought to the court's attention by the motion to rehear. The appeal of the plaintiff in error was tried and decided pursuant to the established procedure.

*Judgment affirmed. All the Justices concur.*