## 5481. WYATT *v.* THE STATE.

RUSSELL, C. J. 1. Since the unlawful sale of mortgaged personal property is punishable as a misdemeanor, and therefore all who participate in the offense, by aiding and abetting its commission, are principals, one may be convicted of this offense although he did not sign the mortgage or participate in its execution and delivery, if, with full knowledge of the execution and delivery of the mortgage, and of the fact that the lien thereon had not been extinguished, he nevertheless sold or aided in the sale of the mortgaged property without the consent of the mortgagee, and with intent to defraud him.

2. Even if the accusation contained a sufficient description of the mortgaged property, the description in the mortgage introduced in evidence ("my entire interest in all crops grown by me and my croppers the present year on the land of Bearden & Turnbull, consisting of about 100 acres in cotton") was not only too indefinite to be the foundation of a criminal prosecution, but did not correspond with the description in the accusation; and the court erred in not excluding it from evidence, on objection of counsel for the accused, based on these grounds.

3. Evidence of other transactions which tend to establish the existence of the fraudulent intent which is the gist of the offense for which the accused is being tried is admissible in illustration of his intent and motives in the transaction under investigation. *Farmer* v. *State*, 100 *Ga.* 41 (2) 43 (28 S. E. 26); *Saffold* v. *State*, 11 *Ga. App.* 329 (75 S. E. 338). 338).

4. The evidence was insufficient to authorize the conviction of the accused, and for this reason the court erred in overruling the motion for a new trial. *Judgment reversed. Roan, J., absent.*

DECIDED MAY 14, 1914.

Accusation of sale of mortgaged property; from city court of Madison—Judge Anderson. January 20, 1914.

*M. C. Few,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.