BANK OF STATHAM *v.* NATIONAL BANK OF ATHENS.

HILL, J. 1. A cashier's check is a primary obligation of the bank, and the holder thereof may sue the bank as maker, without joining the payee or indorsers in such suit.

2. Where a cashier's check is made payable to the order of a real person who has no knowledge of the transaction, and who has no interest in the check and is not intended to become a party to the transaction, such person may be deemed fictitious; and when the name of such person is indorsed on the check by the cashier, or with his authority, such check

is deemed payable to bearer, and a holder in good faith may bring an action against the bank on which it is drawn, as maker, to recover the amount of the check. 2 Bouvier's Law Dict. (Rawle's 3d ed.) 778 ("Fictitious Payee"); Phillips v. Mercantile National Bank, 140 N. Y. 556 (35 N. E. 982, 23 L. R. A. 584, 37 Am. St. R. 596); Jordan Marsh Co. v. National Shawmut Bank, 201 Mass. 397 (87 N. E. 740, 22 L. R. A. (N. S.) 250); Snyder v. Corn Exchange National Bank, 221 Pa. 599 (70 Atl. 876, 128 Am. St. R. 780); 1 Dan. Neg. Inst. (6th ed.), § 139; Drinkall v. Movius State Bank, 11 N. D. 10 (88 N. W. 724, 726, 57 L. R. A. 341, 95 Am. St. R. 693); 1 Parsons on Bills & Notes, 288.

3. The court did not err in overruling the demurrer to the petition, nor in sustaining the plaintiff's demurrer to the plea in abatement.

4. Irrespective of any errors alleged to have been committed on the trial, the facts of this case bring it within the principles of law announced in the preceding headnotes. The verdict was demanded, and the court did not err in denying a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 13, 1915.

Complaint. Before Judge Brand. Jackson superior court. July 6, 1914.

*W. W. Stark*, for plaintiff in error.

*T. S. Mell* and *Wolver M. Smith*, contra.