### 13885. MIDDLETON *v.* THE STATE.

BROYLES, C. J. 1. Where material physical evidence was introduced upon the trial, an instruction by the court to the jury, that "the evidence from which you must determine the facts must be presented from the lips of the witnesses who have been sworn and who have testified in the case," was error. It practically withdrew from the jury the consideration of the physical evidence introduced, was not cured in any other part of the charge, and, under the particular facts of the case, was prejudicial to the accused and requires another trial. See, in this connection, *Bowden* v. *Achor,* 95 *Ga.* 243 (11), 262 (11) (22 S. E. 254); *Myers* v. *State,* 97 *Ga.* 76 (11), 102 (11) (25 S. E. 252); *Western & Atlantic Railroad Co.* v. *Tate,* 129 *Ga.* 526, 529 (3) (59 S. E. 266); *Blandon* v. *State,* 6 *Ga. App.* 782 (1) (65 S. E. 842); *Hilton* v. *Sylvania Railroad Co.,* 8 *Ga. App.* 10 (2), 16 (2) (68 S. E. 746).

2. The other excerpts from the charge, as complained of, when considered in the light of the charge as a whole show no material error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 11, 1923.

Conviction of manslaughter; from Ware superior court — Judge Summerall. July 21, 1922.

*Jerome Crawley, J. L. Crawley, Parker & Parker,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.