14310. ENGLISH *v.* POOLE, administratrix.

JENKINS, P. J. 1. The Supreme Court, in transferring this bill of exceptions to this court, has in effect held that questions only of legal and not of equitable jurisdiction were involved in this partition proceeding, brought by one owning jointly or in common with another the chose in action or monies on deposit in a bank, represented by its cashier's check made payable to the order of both parties.

2. The provision of section 5362 of the Civil Code (1910), in effect that the partitioners to whom a writ of partition is directed shall make their return thereon to the superior court within three months after the issuing of the writ, is directory rather than mandatory, and where, as here, it does not appear that the delay was caused by the plaintiff, or that any substantial right of the defendant has been prejudiced, a delay of approximately three additional months will not nullify the writ or the return, so as to render it subject to general demurrer. See *Perkins* v. *Norristown School District,* 151 *Ga.* 414 (107 S. E. 42); *Spencer* v. *City of Columbus,* 150 *Ga.* 312 (103 S. E. 464).

3. "Upon application by any tenant in common, the superior court may order partition as hereinafter provided." Civil Code (1910), § 3726. "Application may be made, and partition of personal property may be

obtained, in the same manner and under the same regulations as are prescribed in this Code for obtaining partition of lands and tenements." Civil Code (1910), § 5370; *Roberson* v. *Bennett*, 20 *Ga. App.* 590 (93 S. E. 297). "Wherever two or more persons, from any cause, are entitled to the possession, simultaneously, of any property in this State, a tenancy in common is created. Tenants in common may have unequal shares; they will be held to be equal unless the contrary appears." Civil Code (1910), § 3723. A tenancy in common may exist in personalty as well as real property. *Deal* v. *State*, 14 *Ga. App.* 121, 130 (80 S. E. 537); *Hale* v. *Hale*, 28 *Ga. App.* 509 (111 S. E. 740); 7 R. C. L. 817. A draft or check signed by the cashier of a bank is a "primary obligation of the bank" (*Bank of Statham* v. *National Bank of Athens*, 143 *Ga.* 293, 84 S. E. 966; *Holland* v. *Mutual Fert. Co.*, 8 *Ga. App.* 714 (3); 70 S. E. 151; 32 Cyc. 666, 667); and such a chose in action or the deposit represented thereby is personal property, of which the joint payees and common owners are tenants in common. The cashier's check in the instant case, payable to the plaintiff and the defendant jointly, being personalty, and the owners thereof tenants in common, within the broad language and meaning of the statutes relating to the ownership and partition of personalty, the petition for partition was not subject to the ground of general demurrer that it showed "on its face that the personal property described therein does not come within the purview of the law and is not susceptible to partition." The novelty of the procedure, and the probable existence of other remedies to determine the title or rights of the parties in the fund, would not defeat the remedy here sought which is given by the statutes. See Civil Code (1910), § 5368.

4. "The general rule of law is, that when a person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be intended that he has performed it, unless the contrary be shewn." *Mauldin* v. *Southern Shorthand University*, 126 *Ga.* 681, 683 (55 S. E. 922). "The law presumes that every man, in his private and official character, does his duty, until the contrary is shewn." *Nicholson* v. *Spencer*, 11 *Ga.* 607, 611; 10 R. C. L. 880, 881. This general rule, which is more often given application to the acts of public and judicial officers, has been applied to commissioners appointed to take testimony. It has been held that for such purpose they are officers of court, and "the presumption is that they performed their duty" by having the answers properly written. *Scott* v. *McDaniel*, 64 *Ga.* 780 (3), 782. Under a like presumption as to the official acts of the partitioners in the instant case, the omission of their return to "show on its face" their compliance with the provisions of section 5362 of the Civil Code (1910), that they should give "all the parties, if possible, at least eight days notice of the time of executing the writ," did not render the writ and return subject to general demurrer. In *Ralph* v. *Ward*, 109 *Ga.* 363, 365 (34 S. E. 610), where a verbal notice was held sufficient, the court said that "there is no provision made for any return of such notice, or any entry thereof on any of the papers in the proceedings." See also *Greer* v. *Fergerson*, 101 *Ga.* 552, 555. (30 S. E. 943); *Wilson* v. *Garrick*, 72 *Ga.* 660 (2 *b*), 664; *Jones* v. *McCrary*, 123 *Ga.* 282 (2) (51 S. E. 349); *Huxford* v.

*So. Pine Co.*, 124 *Ga.* 181, 187 (4) (52 S. E. 349); *Loudermilk* v. *Stephens*, 126 *Ga.* 782 (1), 784 (55 S. E. 956); *City of Columbus* v. *Ogletree*, 102 *Ga.* 299 (29 S. E. 749). It is unnecessary to determine whether the statutory provision is mandatory or directory. Actual failure to give such notice might in certain cases be a grave irregularity which would require the vacating of the return, particularly in a case of partition of realty, where the partitioners must select a surveyor and determine land lines, and where it is important that the parties should be personally present or represented. But in the instant proceeding, which is merely for the partition of personalty in the form of a chose in action evidenced by a cashier's check, the duties of the partitioners involved no discretion, but were merely ministerial under the terms of the order and writ, the interlocutory judgment, after notice to the defendant, finding that the plaintiff and defendant were equally entitled to the fund, and the writ directing that the partitioners make an "equal partition and division" between the common owners, "they having each an equal interest in said check." The notice provided by the statute after the issuance of the writ, at least in a proceeding of this particular character, is not jurisdictional. Where an application to partition lands or personalty is brought under sections 5358 or 5370 of the Civil Code (1910), and the 20-days notice of the intention to make application is given to other parties under section 5360, objecting parties may, under section 5363, appear either at the time of application or at the term next after the partitioners have made their return, and may then made their defenses and in the latter event, or if they desire to contest the return, have the issue tried by a special jury. There are two judgments of the superior court. The first, "adjudicating what are the respective interests of the parties . . . and appointing partitioners to divide the same and make return to the court, is interlocutory and does not finally dispose of the case." *Berryman* v. *Haden*, 112 *Ga.* 752 (3), 758 (38 S. E. 53). Unless there is a preliminary order of sale (*Lochrane* v. *Equitable Loan Co.*, 122 *Ga.* 433 (1), 50 S. E. 372), there is no final judgment until the partitioners have made their division and filed their report in court, and the judgment of the court upon the merits of the case has been rendered. The return here showing that the partitioners were duly sworn as officers for the proper execution of the writ, and that they made a division of the property as required by the writ, and there being a presumption that their incidental duties were properly performed; and the defendant having made his defenses after the return of the writ, with a full opportunity to be heard, and the jury having found adversely to his contentions, the general ground of demurrer, that the proceeding is fatally defective because it fails to show on its face notice as to the time of the execution of the writ, is without merit.

5. An instruction to the jury, "You have heard the evidence here from the witness stand, and you get your facts that you consider from that stand and nowhere else, that is the place that you must get your evidence," is reversible error where, in addition to the parol evidence, documents or other physical objects introduced have a material bearing on the issues presented to the jury. *Hilton* v. *Sylvania R. Co.*, 8 *Ga. App.*

10 (2), 16 (68 S. E. 746) ; *Myers* v. *State,* 97 *Ga.* 76, 79 (11), 102 (25 S. E. 252) ; *McLean* v. *Clark,* 47 *Ga.* 66 (25), 72 (12) ; *Bowden* v. *Achor,* 95 *Ga.* 245 (11) (22 S. E. 254) ; *Middleton* v. *State,* 29 *Ga. App.* 375 (1) (115 S. E. 277). But where, as here, the only proof offered by the defendant additional to the parol evidence was the cashier's check, which was the subject-matter for partition, the existence of which was not in dispute and the amount and nature of which were clearly shown by the oral evidence and explained by the judge in his charge, the language excepted to cannot be taken as misleading to the jury or as in any wise prejudicing the rights of the defendant.

6. Upon the issue as to whether the proper share of the plaintiff's intestate in the monies represented by the cashier's check was one half, as contended by her, or only one third of a portion of the proceeds included in the fund and one half of the remainder, as contended by the defendant, the evidence fully authorized the verdict for the plaintiff, and this court cannot interfere with the judgment denying to the defendant a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1924.

Partition ; from Warren superior court—M. C. Barwick, judge pro hac vice. December 16, 1922.

*Jud P. Wilhoit,* for plaintiff in error.

*E. P. & J. Cecil Davis, L. D. McGregor,* contra.