### 18889. NISSENBAUM *v.* THE STATE.

DECIDED JUNE 12, 1928.

*Hooper & Hooper,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

BLOODWORTH, J. ■ The indictment in this case is based on section 247 of the Penal Code of 1910, and in the first count charges that the accused "did unlawfully, feloniously, and fraudulently make and draw a certain bill of exchange in the fictitious name of J. W. Ellison, as cashier of the Corn Exchange Trust Co., of Chicago, Illinois, being in form and substance as follows, to wit: 'The Corn Exchange Trust Co., Chicago, Illinois. No. 4025. Nov. 30, 1927. Pay to the order of Abe Greenberg $1500.00. Fifteen hundred dollars only. Cashier's Check. J. W. Ellison, Cashier;' said

act being done with intent to defraud." While there are two other counts based upon the same section, the first is the only one discussed in the briefs of counsel for either the plaintiff in error or the defendant in error. A demurrer to the indictment was overruled. The only ground of the demurrer which is insisted upon by counsel for the plaintiff in error is as follows: "Because the paper set forth in said count of the indictment as a bill of exchange is in form and substance a bank check, drawn upon what is shown, by a copy attached therein, to be a bank, and not a bank of this State or an incorporated bank whose notes or bills are in circulation in this State." Counsel for the plaintiff in error insists that the writing involved in this case is an ordinary bank check, and that the law makes no provision for an indictment where such a check is drawn in a fictitious name, and plants his argument upon the fact that in *Townsend* v. *State*, 92 *Ga.* 732, 735 (19 S. E. 55), Justice Simmons said: "The paper in question here being an ordinary bank check, it follows that a conviction under section 4453 [§ 247 of the Penal Code of 1910] was improper, and the court below erred in overruling the motion for a new trial." The question then arises, is the "cashier's check" upon which the indictment in this case is based "an ordinary bank check?" In addition to what is said in the *Townsend* case as to the difference between an ordinary check and a bill of exchange, Judge Nisbet, in *Daniels* v. *Kyle,* 1 *Ga.* 305, which is cited in the *Townsend* case, said: "A check differs from a bill of exchange in these things, to wit: it has no days of grace, and requires no acceptance, distinct from prompt payment. The drawer of a check is not a surety, *but a principal debtor; he is an original undertaker to pay,* and the check is the evidence of his contract." (Italics ours.)

In *Farmers Bank* v. *Johnson,* 134 *Ga.* 486, 490 (68 S. E. 85), Justice Lumpkin said: "In many respects a check is like an inland bill of exchange, but there are some differences. A check has been defined to be a 'draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds for the payment at all events of a certain sum of money to a certain person named therein, or to him or his order, or to bearer, and payable instantly on demand.' 2 Daniel on Negotiable Instruments (5th ed.), § 1566. A check does not have to be accepted upon presentment, but paid, if good and if properly presented. One of the differences be-

tween a common check and an ordinary inland bill after its acceptance is in relation to the drawer. *In the former the drawer is the principal debtor,* and the check purports to be made upon a fund deposited; *in the latter the acceptor is the principal debtor."* (Italics ours.) Black's Law Dictionary defines the acceptor as *" The person who accepts a bill of exchange (generally the drawee), or who engages to be primarily responsible for its payment."* (Italics ours.) This definition from Black's dictionary is in complete accord with the following which is held in the *Bank of Statham* v. *National Bank of Athens,* 143 *Ga.* 293 (84 S. E. 966) : "A cashier's check is a *primary obligation of the bank,* and the holder thereof may sue the bank as maker, without joining the payee or indorsers in such suit." (Italics ours.) In *Holland* v. *Mutual Fertilizer Co., 8 Ga. App.* 714, 718 (70 S. E. 151), Judge Russell said: "We do not know that the phrase 'banker's check' has any place in legal or financial terminology, but, giving the term its popular significance, it can only mean a check drawn by a banker, as distinguished from a bank check, which may be drawn on a bank by anybody. As we understand it, a banker's check would be one in which the drawer was a banker, or the duly authorized agent of a bank, drawn on funds either in the bank of which he was an ·officer, or on those of some correspondent bank in which his bank had funds deposited or an account entitling the bank he represented to a credit. If such a check as this had been made payable to the plaintiff or its counsel and delivered to them, *it would not have been within the power of the debtor to revoke it, or to stop its payment by notice. It would have been a bill of exchange purchased by him."* (Italics ours.) Among the cases in which it has been held that a cashier's check is merely a bill of exchange are the following: Drinkall *v.* Movius State Bank, 11 N. Dak. 10 (88 N. W. 724, 726, 57 L. R. A. 341, 95 Am. St. R. 693) ; Walker *v.* Sellers, 201 Ala. 189 (77 So. 715). From the foregoing it will be seen that the writing upon which this indictment is based is not an ordinary bank check, but is such a "bill of exchange" as will support an indictment under § 247 of the Penal Code of 1910.

Repeatedly this court and the Supreme Court have held that "each special ground of a motion for a new trial must be complete and understandable within itself, without reference to any other part of the record. This court is not required to look beyond the

256 256

ground itself to learn the facts or to ascertain error." *Russ* v. *State*, 35 *Ga. App.* 476 (133 S. E. 748). Under this well established principle this court is not required to pass upon either the first or the second special ground of the motion. To ascertain what paper is referred to in ground 1 as "such paper" and "that paper," it would be necessary to look to other parts of the record to learn the facts; and without looking beyond what appears in ground 2 we could neither learn the facts nor ascertain error. However, the admission of this evidence would not require the grant of a new trial, because two other witnesses (Lester and Fraser) each testified, without objection, that the check in question was "a bill of exchange." In addition, if we consider these questions and answers as referring to the writing which is the basis of the prosecution, the admission of this evidence was not harmful to the cause of the plaintiff in error, for the answers of the witnesses simply stated what was already fixed by the law as shown by the cases referred to in the first division of this decision, and that is that the writing in question is a bill of exchange.

■ Even if the excerpt from the charge embodied in ground 3 of the motion for a new trial is erroneous, a new trial should not be granted because of this alleged error, as the evidence demanded the verdict. In *Cason* v. *State*, 16 *Ga. App.* 820 (86 S. E. 644), the 4th headnote is as follows: "The evidence demanded the conviction of the accused, and it was therefore immaterial what the judge charged or failed to charge the jury." See also the opinion in that case (pp. 824, 825). In *Hagar* v. *State*, 71 *Ga.* 164, headnote 3 *a* is as follows: "The verdict was required by the evidence, and in such cases, even if there be error in the charge, it will not necessitate a new trial." See also the opinion in that case, and cases cited on page 167; *Jones* v. *State*, 105 *Ga.* 649 (31 S. E. 574); *Barrow* v. *State*, 80 *Ga.* 191 (5 S. E. 64).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*