27706. HELLER *v.* THE STATE.

DECIDED SEPTEMBER 7, 1939.

*J. Emmett Baird,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. The defendant was convicted of the offense of possessing burglary tools. His motion for new trial, embracing the general and several special grounds, was overruled, and he excepted. The record shows that the accused was arrested in the City of Decatur about 2:30 o'clock in the morning, and on his person were found skeleton keys, a jimmy bar, drill bits, a screwdriver, a brace, pliers, and a small bull's-eye flashlight. On the trial some of these articles were identified as tools commonly used in the commission of burglaries. At first the defendant stated that he was returning from visiting a girl near Stone Mountain, but after the tools were found on him he said that he had "come out here to do a job," and that he had intended to burglarize the place of business of the "Memorial Service Station" on the Stone Mountain highway; and he went with the officers to that place of business and stated that because of the fact that the station did not close up that night he could not do the job. Before the trial now under review, the defendant waived indictment and formal arraignment, and pleaded guilty to the charge of possessing burglary tools. The court, on the request of the solicitor-general, deferred passing sentence until it could be ascertained whether the defendant had a criminal record. Later the defendant was brought before the court

for the purpose of passing sentence upon him, and the judge questioned him about his previous criminal record as disclosed by an F. B. I. report furnished by the Federal government. The defendant admitted that he had been sentenced three times for burglary in Ohio, and had been arrested in several other places on similar charges. He then asked the court to allow him to withdraw his plea of guilty, and the court permitted him to do so. Subsequently he was tried and convicted of the offense charged. He introduced no evidence, but made a statement to the jury in which he said that he had the tools (found on his person) for the purpose of repairing organs.

Three special grounds of the motion for new trial complain of the admission of certain testimony of witnesses for the State as to admissions, voluntarily made by the defendant (after he had pleaded guilty and had been brought into court for the purpose of having sentence passed upon him) of his commission of burglaries in Ohio and other States. We think that the testimony excepted to was properly admitted. As held by this court in *Wyatt* v. *State*, 16 *Ga. App.* 817 (3) (81 S. E. 802): "Evidence of other transactions which tend to establish the existence of the fraudulent intent which is the gist of the offense for which the accused is being tried is admissible in illustration of his intent and motives in the transaction under investigation. *Farmer* v. *State*, 100 *Ga.* 41 (2), 43 (28 S. E. 26); *Saffold* v. *State*, 11 *Ga. App.* 329 (75 S. E. 338)."

The remaining special ground of the motion complains of the admission in evidence of the following articles, as tendered by the solicitor-general:. "These locks, picks, and tension tools as described by Mr. Hoyt [a witness], and also this lock that he picked here in the presence of the jury; this jimmy tool, brace, pair of pliers, screwdriver, two bits, watch and comb, pocket-knife, pencil stub, five keys and small flashlight, leather gloves, and this copy of F. B. I., so identified as being the report he was questioned about." The only objections made to the admission in evidence of the articles at the time they were tendered were the following: "We object to all of it as being irrelevant and immaterial, inasmuch as it is not shown that it was used in any burglary, and it hasn't been identified as being articles which could be used exclusively for burglary, and one of the witnesses, Mr. Abercrombie,

I believe, stated that he couldn't testify of his own knowledge that it was going to be used in burglary; and on the further ground that there has been no burglary committed in which these tools have been identified as being used therein." Several of the articles had been identified by witnesses as tools ordinarily used in the commission of burglaries, and there was evidence that the defendant had admitted that he had these tools for the purpose of using them in the commission of a burglary. Such tools were admissible in evidence; and it is well settled that where several articles are tendered together for admission in evidence, and the objection is a blanket one, covering all of them, and some of the articles are admissible, the admission of all of them is no cause for a new trial. In addition to the tools, a copy of an F. B. I. report was admitted in evidence. No specific objection was made to that document at the time of its admission, the objections clearly showing that they covered only the "tools" introduced. However, even if the objections could be construed as covering the report, the documentary evidence (the F. B. I. report) was not set forth, either literally or in substance, in the ground of the motion for new trial, or attached thereto as an exhibit; and therefore, under repeated decisions of the Supreme Court and of this court, the admissibility of such documentary evidence can not be considered by us. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*