### 61895. WILLIAMS v. WILLIAMS et al.

BANKE, Judge.

The appellant applied for a partitioning of certain land owned by her as tenant-in-common with the appellees, and the appellees filed objections to the return of the partitioners. Following a hearing at which the court considered briefs and arguments of counsel but apparently received no evidence, the court disallowed the return and discharged the partitioners, based on (1) a factual finding that they had not given the appellees eight days' notice of the time of executing the writ pursuant to Code § 85-1508; (2) a factual finding that the return was not equitable; and (3) a finding that the delay of almost three years between the issuance of the writ of partition and the filing of the return was excessive as a matter of law. This appeal followed. *Held:*

1. Since there is no indication in the record that the trial court received any evidence prior to making his findings of fact, there does not appear to be any basis for them. Furthermore, objections and defenses to the partitioners' return are required by Code § 85-1509 to be tried by a jury, and the appellant did not waive her rights under this code section. Accordingly, we must hold the trial court's factual findings were not authorized.

2. The provision of Code § 85-1508 requiring the partitioners to make their return within three months after the issuance of the writ is directory rather than mandatory, and a delay will not require dismissal of the return unless it was caused by the applicant or it appears that a substantial right of the respondents has been prejudiced. *English v. Poole,* 31 Ga. App. 581 (2) (121 SE 589) (1923). The trial court's finding that the delay of almost three years nullified the return as a matter of law was accordingly in error.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 10, 1981 —
REHEARING DENIED JULY 21, 1981

*Grady C. Pittard, Jr.,* for appellant.
*James E. Hudson, David R. Montgomery, Hazel Kidd Williams, Carolyn W. Hawks, Jerry N. Williams,* for appellees.

Brenda W. Arrendale, *pro se.*