## CENTRAL BANK & TRUST CORPORATION· v. DENNIS.

1. This court will never reverse the judgment of the lower court for refusing to direct a verdict.
2. Grounds of a motion for new trial, complaining of the admission of· evidence, in which the evidence ·is not set out literally or in substance, present no questions for determination by this court. ·
3. Where a wife claimed land under a deed of gift from her husband which she introduced in evidence, and where she also introduced evidence to show that her money was used by her husband in part in paying for the premises embraced in such deed, the trial court· did not err in refusing to require her to elect on which branch of such proof she would rely to support her claim, on the ground· that she was asserting inconsistent theories of title; the latter evidence being relevant upon the issue of the bona fides of the transaction.
4. The court did not err in admitting evidence of the value of an equity of the husband in land, held by him and another under bond for title, where the husband had transferred his interest in such bond for title to secure a debt, and where he owned no other property; there being evidence from which the jury could infer that the value of such equity exceeded all indebtedness of the husband, including the debt secured by the transfer of such bond, although the property in which the husband had ᴗuch equity was afterwards sold and did not bring enough to discharge such incumbrance.
5. There was evidence which authorized the instructions of the court upon the contentions of the claimant of which complaint is made in the 9th and 10th grounds of the motion for new trial.
6. The verdict is not contrary to law; and while the case of the claimant is a weak one, there is evidence to support the verdict, with which we do not feel authorized to interfere, the same being a second verdict in favor of the claimant, which has met the approval of the trial court.

No. 2991.  July 13, 1922.

Claim.  Before Judge Pendleton.  Fulton superior court. · November 3, 1921.

An execution in favor of the Central Bank and Trust Corporation against Joseph L. Dennis was levied on a described tract of land as his property, to satisfy said execution.  Mrs. Willie Dennis interposed her claim to this property.  This execution issued·from the city court of Atlanta on November 7, 1917.  The claimant claimed under a deed of gift to her from her husband,· Joseph L. Dennis, dated October 12, 1916, and recorded May 24, 1917. .The judgment on which the execution issued was obtained in November, 1917.  There was introduced by the claimant evidence tending to show that Joseph L. Dennis was solvent at the time he gave the property in dispute to his wife; and there was evidence tending to show that he invested in these premises money belonging to his wife.

The jury found in favor of the claimant. The plaintiff moved for a new trial on the general grounds; and amended the motion by the following grounds: (1) That the court erred in not directing a verdict for the plaintiff. (2) That the court erred in admitting in evidence the deed of gift of Joseph L. Dennis to Mrs. Willie Dennis, the same being for love and affection, dated October 12, 1916, recorded May 24, 1917, embracing the property in dispute, without proof of the solvency of the grantor at the time of the execution of this deed. (3), (4), (5), (6) That the court erred in admitting the testimony of Paul S. Etheridge, R. C. Eve, Carl Lancaster, and J. L. Dennis, relating to the value of the property located on the Jonesboro road, for the reason that their evidence was incompetent to show the solvency or insolvency of the defendant, when he had no tangible interest therein, having in the first instance only an undivided half interest in a bond for title which had been transferred to secure a debt prior to the date of the deed from him to his wife; the objection to the evidence of these witnesses being that the same was irrelevant. (7) That the court erred in denying the plaintiff's motion to have the claimant elect which of the two inconsistent theories would be insisted upon in the trial by her; namely, that the property belongs to her, first, because her money paid for it; and second, that the deed was made to her when her husband was solvent. (8) That the court erred in admitting, over objection of the plaintiff that the same was irrelevant, the testimony of George S. Pharr that he was familiar with the property on the Jonesboro road, that the equity of the defendant therein on October 12, 1916, was worth $5,000, the ground of irrelevancy being that this property was not and had never been the property of the defendant. (9) That the court erred in charging the jury that " it is claimed that money [referring to the $1000 debt of the defendant to his son] went into the West End property that is called the Gordon street property in West End, and that when it was sold part of the purchase-money from that property went to pay the purchase-price on the Moreland avenue property, and that when her husband took a deed to himself to the Moreland avenue property he took it subject to her equity in the property, which amounted to the amount of her money that was paid on the purchase-price;" the error assigned being that the claimant did not contend that any of the purchase-

money from the Gordon street property actually went into the Moreland avenue property, but merely contended that this sum the defendant put in the Gordon street property belonging to her son was given to her by her son, while admitting that when the Gordon street property was sold all the purchase-money or more was taken up by the indebtedness to the Lowry National Bank. (10) That the court erred in charging the jury as follows: " She says further that she had two sons, and that there was some $700 contributed by another son, which went into the Moreland avenue property by paying $40 notes that they had due on that property; that he gave her this money, and that she furnished it to Mr. Dennis, and that he paid the $40 notes, and, therefore, she paid a part of the purchase-money; that is the sum she claims went into the Moreland avenue property;" the error assigned being that it misstates the fact, as she did not testify that the money was given to her by her son, but the testimony was that the money was given by the son to the father, and there not being sufficient evidence to authorize a finding that any specified amount was contributed by the son towards the payment of the purchase-price of the Moreland avenue property. (11) That the court erred in charging the jury as follows: " Solvency means that the defendant, Dennis, had property enough with [from?] which his creditors, if he had any, could force the collection of their debts by law; and if you find in this case that Mr. Dennis, after deeding Mrs. Dennis this property on Oct. 12, 1916, had property enough left out of which all debts that he owed could be paid, and the collection of claims could be forced by law, he would be solvent; otherwise he would be insolvent;" the objection urged being that the evidence as to the value of the property belonging to the defendant was, that he owned no property except the house he deeded to the claimant, that he had at one time a one-half undivided bond-for-title interest in the Jonesboro road property, but prior to the date of the deed to his wife this bond for title had been transferred to secure a debt which was never paid, and the property was sold at sheriff's sale to satisfy a prior lien. (12), (13) That the verdict was contrary to given charges of the court.

The court overruled the motion for new trial, and error was assigned.

*Mayson & Johnson* and *George B. Rush,* for plaintiff.

*Paul S. Etheridge* and *D. K. Johnston,* for claimant.

HINES, J. (After stating the foregoing facts.)

1. This court will not reverse the judgment of a trial court for refusing to direct a verdict. *Bennett* v. *Patten,* 148 *Ga.* 66 (3*b*), 67 (95 S. E. 690); *Easterling* v. *Cowart,* 149 *Ga.* 161 (2), 162 (99 S. E. 301).

2. The second, third, fourth, fifth, and sixth special grounds of the motion for new trial complain of rulings of the court in admitting evidence. In none of these grounds is the evidence set out literally or in substance; and for this reason these grounds can not be considered by this court. *McMichael* v. *Atlanta Envelope Co.,* 151 *Ga.* 776 (3) (108 S. E. 226).

3. In the seventh ground it is asserted that the court erred in not requiring the claimant, on the plaintiff's motion, to elect whether she would proceed upon the theory that the premises in dispute were a gift from her husband to her, or whether she would proceed on the theory that her money had paid for the land, and the deed thereto had been made to her husband instead of to her and in her name. The claimant introduced the deed of gift from her husband to herself to the land levied upon; and thus unequivocally established the gift. She also introduced testimony tending to establish the fact that money given her by her son had gone toward paying for this land. The fact that her money had gone into this land, or the fact that her money had gone into other property bought by her husband, the proceeds of which, when sold by him, had been used by him to pay his debts, would illustrate the motive prompting him to convey this property to his wife. It would shed light upon the bona fides of this transaction which is involved in a voluntary deed by a solvent husband to wife. *Ernest* v. *Merritt,* 107 *Ga.* 61 (32 S. E. 898). It would in part explain the desire of the husband, while solvent, to make good to the wife money of hers which he had used in paying for this or other property, title to which he had taken in his own name. The introduction of evidence, to establish a gift from the husband to wife to these premises, and likewise to show that her money had gone into their payment in part or whole, did not put the claimant in the position of setting up inconsistent theories to support her title to this property; but, on the contrary, both aspects of this proof were in harmony with the main right asserted by the wife. Instead of

being inconsistent, both theories were consistent; and the court did not err in refusing to compel her to cling to one and reject the other.

4. The testimony the admission of which is set out in the eighth ground was clearly relevant and admissible. The facts, that the defendant had only a bond for title interest to an undivided half of the Jonesboro road property, that he transferred his bond for title to this interest to another to secure a debt, and that this property was afterwards sold to pay a prior encumbrance, which was not paid by the proceeds of such sale, did not make it irrelevant; but only affected its weight.

5. In the ninth and 10th grounds the court was stating the contentions of the claimant. There was evidence on which to base these instructions set out therein. Any inaccuracies, if any, therein do not require the grant of a new trial; but these instructions substantially state the contentions of the claimant. While no part of the proceeds of the sale of the West End property went directly into the premises in dispute, the same went to pay obligations of the Mutual Publishing Company in which the husband, and his brothers, J. H. and A. H. Dennis, were interested. To meet their parts of the money so used in paying obligations of this company, for which the three brothers were bound, these brothers authorized the husband to sell three lots on Moreland avenue, on one of which he built; and in this indirect way the money of the wife in the West End property got into the Moreland avenue house and lot. The weight of the proof to uphold these contentions was a matter to be determined by the jury; and this court can not say that there was no evidence to support them.

6. The exception to the instruction set out in the eleventh ground is not to its correctness, but amounts to the contention that there was not sufficient evidence on which to base it. In this contention we can not agree with counsel for the plaintiff. While the property of the defendant consisted largely, if not wholly, in an equity in the Jonesboro road property, and while it is true that he had transferred his bond for title to this interest, not absolutely, but only to secure a debt, there was evidence from which the jury could draw the inference that this equity was of sufficient value to pay off and discharge all the debts of the defendant, including the one to secure which this bond for title had been transferred. In

view of these facts, we can not say that there was no evidence on which this instruction can stand.

7. In the 12th and 13th grounds the plaintiff insists that the verdict is contrary to certain instructions given by the court to the jury. This amounts to the objection that the verdict is contrary to the law. *Mitchell* v. *Mitchell*, 151 *Ga.* 466 (107 S. E. 44).

8. The verdict is not contrary to the law; and while the evidence makes a weak case for the claimant, there is evidence to support the finding of the jury. This being a second verdict for the claimant, and the same having been approved by the trial judge, we do not feel authorized to grant a new trial on the ground that the verdict is against the evidence.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*