EAST TENN., VA. & GA. RAILWAY CO. *v.* MILLER.

1. As railroad companies are bound to exercise extraordinary care and diligence for the safety of passengers, the presumption of negligence which the law raises in favor of a passenger in case of injury will not be rebutted by the company's showing the exercise of only ordinary care and diligence.

2. The "extraordinary" diligence due by railroad companies to passengers is "that extreme care and caution which very prudent and thoughtful persons" exercise under like circumstances; and it was error to charge, without qualification, that such companies "are required by law to observe the *utmost* care and diligence" for

the safe carriage of passengers, and for their delivery at destination. Even if the word "utmost" is synonymous with the word "extreme," the omission from this charge of any reference to the standard of diligence observed by "very prudent and thoughtful persons," rendered it too strong a statement of the law against the company.

April 8, 1895. By two Justices. Brought forward from the last term.

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1894.

McCUTCHEN & SHUMATE and HOSKINSON & HARRIS, for plaintiff in error. FOUCHÉ & FOUCHÉ, H. M. WRIGHT and M. R. WRIGHT, *contra.*

LUMPKIN, Justice.

1. Under section 2067 of the code, carriers of passengers are required to exercise extraordinary care and diligence to protect the lives and persons of their passengers, and are not liable for personal injuries after having used such diligence. Under this section there certainly can be no doubt that if a railroad company fails to exercise this degree of diligence for the safety of its passengers, it will be liable for injuries occasioned because of such failure to a passenger who himself exercised the proper care for his own protection.

Section 3033 of the code makes a railroad company liable for any damage done to persons, stock or other property, by the running of its locomotives, cars or other machinery, unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence; and further provides that the presumption in all cases shall be against the company. In the present case, the court, after instructing the jury that this presumption was raised by law against the company, charged, in substance, that it might defend by showing it had exercised all ordinary and reasonable care to prevent the injury, and added: "I charge you that that means, in case of a passenger, extraordinary care," etc. It was insisted this was error because, even in case of

injury to a passenger, the company could rebut the legal presumption of negligence by showing only that it exercised *ordinary* care and diligence. We do not think this contention is well founded. It has been frequently held by this court that a passenger injured by a railroad company was entitled to the benefit of the presumption of negligence raised by this section; and after considerable deliberation, we have reached the conclusion that, in arriving at what the company should do in such cases to rebut this presumption, this section should be read and construed *in pari materia* with the section first above cited. It will be observed that it is incumbent upon the company to make it appear, not only that its agents have exercised all *ordinary* care and diligence, but also all *reasonable* care and diligence. The question therefore arises: What is "reasonable" care with reference to the safety of passengers? The obvious answer is, "extraordinary" care; for this is the plain and unequivocal meaning of section 2067 of the code, which applies to all carriers of passengers, and uses the emphatic language that they are bound to extraordinary diligence to protect the lives and persons of passengers. When, therefore, a passenger is injured and the legal presumption arises in his favor, the company fails entirely to rebut that presumption unless it shows that it used extraordinary diligence; this, and nothing short of it, being, in such a case, the "reasonable" diligence required by law.

2. In enumerating the several degrees of care to be expected of bailees, according to the nature of the particular bailment, the code, in section 2062, defines extraordinary diligence to be "that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property." Applying this definition to the terms "extraordinary diligence" as used in section 2067 of the code, the diligence to be

expected of railroad companies in caring for their passengers would be "that extreme care and caution which very prudent and thoughtful persons" would observe in discharging that duty if devolving upon them.

The court charged that railroad companies were required by law "to observe the *utmost* care and diligence" for the safe carriage and delivery of their passengers. Exception was taken to the unqualified use of the word "utmost" in this connection, and we think the exception well taken. To the mind of the writer, the term just quoted conveys a stronger and more significant meaning than the word "extreme." This view, however, may not be sound, for there is much reason for holding that, according to the recognized authorities, these two words are synonymous. The mere substitution, therefore, of the word "utmost" for the word "extreme" would not, perhaps, render the charge erroneous. Its real vice consists in laying down the doctrine that a railroad company is bound to use the highest possible degree of diligence in caring for the safety of its passengers, this being the real meaning of the words "utmost diligence" when used alone and without qualification; whereas the legal measure of extraordinary diligence recognized by our code is, as above shown, only that extreme care and caution which very prudent and thoughtful persons exercise under like circumstances. In giving to the jury the standard of diligence by which the company was to be bound, the court should have used the language prescribed by law for this purpose, and in failing to do so, made too strong a statement of the law against the company. The jury were authorized to infer that the company must, to protect itself, have shown that it exercised that degree of care which would have been observed by the *most* prudent and thoughtful persons in the world; whereas it was enough for the company to show that it did all that, under the circumstances, would

have been done by *very* prudent and thoughtful persons. This distinction is not hypercritical, for a little reflection will suffice to show that there is a substantial difference between the highest possible degree of human foresight and care and that degree of diligence which is *actually* observed by even very prudent and thoughtful persons—especially under the stress of sudden emergency. It was in overlooking this difference that the error in the charge complained of consisted. As, at best, it is extremely doubtful whether the plaintiff is entitled to recover at all in this case, we do not hesitate to order a new trial because of this error, which must have operated very prejudicially against the defendant.

*Judgment reversed.*