SOUTHERN RAILWAY COMPANY <em>v.</em> GRIFFIN.

EVANS, P. J. 1. A petition against a railway company to recover damages for personal injuries alleged to have been sustained because of a failure of the defendant to observe the blow-post law (Civil Code (1910), § 2675) is amendable by alleging that the defendant was also negligent in that its servants in charge of the train, well knowing that the crossing on which the plaintiff was injured was a public crossing, and that there was frequent traveling thereon, failed to keep a lookout, and also that the defendant's servants, with a knowledge of the plaintiff's perilous situation, failed to apply the brakes or check the speed of the train.

2. The evidence supports the verdict.

<em>Judgment affirmed. All the Justices concur.</em><br>MAY 12, 1911.

Action for damages. Before Judge Kimsey. Hall superior court. January 18, 1910.

*C. R. Faulkner, Ed. Quillian,* and *John J. Strickland,* for plaintiff in error. *H. H. Perry, W. B. Sloan,* and *Johnson & Johnson,* contra.

---

DOUTHITT <em>v.</em> LOUISVILLE & NASHVILLE RAILROAD COMPANY.

HOLDEN, J. 1. Upon proof of injury to a passenger of a railroad company by the running of its locomotives, cars, or other machinery, or by any person in its employment and service, the law raises a presumption that the injury was caused by the negligence of the company.

(a) Where an injury to a passenger is proved to have been thus caused, this presumption will not be rebutted by the company showing that it exercised only ordinary care and diligence; as railroad companies are

bound to use extraordinary care and diligence for the safety of passengers. *East Tenn., Va. & Ga. Ry. Co.* v. *Miller*, 95 *Ga.* 738 (22 S. E. 660).

2. This was an action for damages against a railroad company for injuries sustained by the plaintiff while a passenger of the company, because of negligence of the company in the running of its train; and there was evidence sufficient to authorize the jury to find that the plaintiff was thus injured. *Held:*

(*a*) It was not error to charge Civil Code (1910), § 2780, providing: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

(*b*) After giving in charge this section the court in immediate connection therewith charged as follows: "The definition of ordinary care is just that care which every prudent man would have exercised under the same or similar circumstances, and the use of it as to whether the defendant was negligent or not will be whether, in so far as the particulars specified in the plaintiff's petition are concerned, the agents and servants of the defendant company exercised that degree of care, that is, the care which every prudent man would have exercised under the same or similar circumstances. If they did, there would be no negligence. A failure to do so would be negligence, and negligence is a question of fact for your determination." This charge was error, and requires a new trial. *East Tenn., Va. & Ga. Ry. Co.* v. *Miller*, supra; *Sanders* v. *Southern Ry. Co.*, 107 *Ga.* 132 (32 S. E. 840); *Ga. Ry. & Electric Co.* v. *Gilleland*, 133 *Ga.* 628 (66 S. E. 944).

(*c*) Civil Code (1910), section 2780, above quoted, must be construed in connection with Civil Code (1910), section 2714, which provides that "A carrier of passengers is bound also to extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. But he is not liable for injuries to the person, after having used such diligence;" and the words "and reasonable care and diligence," used in the former section with reference to injuries to passengers, mean "extraordinary" care and diligence.

3. Except as pointed out in the preceding note, there was no error requiring a new trial.      *Judgment reversed. All the Justices concur.*

MAY 12, 1911.

Action for damages.   Before Judge Morris.   Fannin superior court.   February 18, 1910.

*O. R. DuPree* and *Gober & Griffin,* for plaintiff in error.

*D. W. Blair* and *William Butt,* contra.