### 7804. PONDER v. THE STATE.

WADE, C. J.   1.· "A ground of the motion for a new trial based upon the admission of testimony is altogether vain and futile unless the ground is complete in itself and shows what objections to the testimony were urged at the time it was offered or admitted." *Wilkinson* v. *State,* 18 *Ga. App.* 330 (89 S. E. 460). It does not appear from the first ground of the amendment to the motion for a new trial that any objection to the evidence complained of therein was urged at the trial.   As to the admissibility of the testimony, see *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893), s. c. 17 *Ga. App.* 705 (88 S. E. 586); *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42); *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814).

2. The second ground of the amendment to the motion for a new trial recites the failure by the court to give in charge to the jury section 1015 of the Penal Code (as to the presumption arising from failure to produce evidence), but no error is assigned thereon, and no question for determination by this court is thereby raised. However, see the decision of the Supreme Court in *Worley* v. *State,* 136 *Ga.* 235 (71 S. E. 153), where it is said:   "This court has held,  . .  that in a criminal case the court should not give that section [Penal Code (1910), § 1015] in charge."   See also *Long* v. *State,* 126 *Ga.* 109 (54 S. E. 906); *Mills* v. *State,* 133 *Ga.* 155 (5) (65 S. E. 368); *Wilson* v. *State,* 8 *Ga. App.* 816 (3) (70 S. E. 193); *Williamson* v. *State,* 9 *Ga. App.* 442, 446 (71 S. E. 509).   Absence of a witness who is cognizant of material and relevant facts is a proper subject of comment in argument of counsel (*Mills* v. *State,* supra; *Morgan* v. *State,* 124 *Ga.* 442, 52 S. E. 748; *Knox* v. *State,* 112 *Ga.* 373, 36 S. E. 416), and counsel for the prosecution may properly refer to the fact that the accused has failed to adduce testimony in rebuttal of evidence introduced by the State, though not permitted to advert to the circumstance that the defendant has made no statement whatever at his trial (*Saffold* v. *State,* 11 *Ga. App.* 329, 75 S. E. 338); but the omission by the State to introduce one or more of the witnesses shown by its testimony to have been present at the commission of the crime, or to account for his or their absence, is not a sufficient ground for the grant of a new trial.

3. The court instructed the jury as to the presumption of innocence in behalf of the accused, and that if they had a reasonable doubt of his guilt they must find him not guilty; and there was no error in the charge that "the defendant is presumed to be innocent, and the burden is upon the State to establish her guilt, not with mathematical precision and certainty, but to a moral and reasonable certainty, and beyond a reasonable doubt."   It was not necessary to analyze or define "reasonable doubt," or to explain what constitutes such a doubt, or how it may arise within the meaning of the law; but the expression, "not with mathematical precision and certainty," could not have been misleading to a jury of ordinary intelligence.

4. When taken in connection with the full and ample instruction given, that the jury would not be authorized to convict unless convinced of

the guilt of the accused beyond a reasonable doubt, and that the burden rested upon the State to overcome the presumption of her innocence, and considering the qualifying words concluding the excerpt complained of, "in the manner and form as required by law applicable to the case," there was no reversible error in the following instruction: "It is for you to look to the evidence in the case and all the facts and circumstances in the case, and determine whether or not the guilt of the defendant of the charge as made in the indictment has been established to the reasonable satisfaction of the jury, in the manner and form as required by law applicable to the case."

5. The 5th ground of the amendment to the motion for a new trial is as follows: "Because the case was submitted to the jury for consideration and verdict in said court upon May 26, 1916, and the jury remained charged with and having said case under consideration, and were kept together for that purpose by the presiding judge of said court during that day and the following night, and, although it is usual for the court to recess upon Friday night, and to hold no session for jury trials upon Saturdays, but to reserve Saturdays for the transaction of chamber and other business at the residence of said judge at Baxley, Georgia, said judge remained in Brunswick and kept said court open, and said jury together considering said case during the said following day also, to wit, Saturday, May 27, 1916; and about one o'clock p. m. of that day and in the absence, without leave of the court (she being under bond), of the defendant and her counsel, and without notice to them or either of them, and without the knowledge or consent of them or either of them, and without any waiver, express or implied, by them or either of them of the right of the defendant to be present, just as the judge was leaving the court-room and as the jury were being taken out to dinner by the bailiff, some one or more of said jurors stated to said judge then and there that they, the jurors, were hopelessly divided and could not agree upon any verdict in said case; the judge, in reply to such statement, remarked that he would take the matter under consideration and advise the jury of his conclusion at a later hour, or that he would see about the matter later, or some similar statement, the judge merely responding to the jury in a casual way in passing, and said jury retired and said judge left the court-room, and the jury remained without further instruction and still considering said case until at or about nine o'clock p. m. of that day, when they came into court and returned the verdict of guilty against this defendant. Defendant did not then know, and did not learn until long after the verdict and sentence and the recess of the court, of the above-stated occurrence, and can not state it more in detail than above written, but the facts concerning the same are well known to said presiding judge, he being an actor therein, and having the power to certify concerning the same in his approval of the grounds of this motion." No error appears to be assigned in this ground of the motion, nor is there any complaint therein that the defendant was prejudiced by the remark made by the judge to the jury, "that he would take the matter under consideration and advise the jury of his conclusion at a later hour," or that "he would

see about the matter later." In the case of *Shedd* v. *Stow*, 18 *Ga. App.* 274 (89 S. E. 352), where it appeared that, while the jury were in the jury-room deliberating upon the case, the justice of the peace went into the jury-room, closed the door, and had a conversation with the jury, it was held that "this conduct was improper and indiscreet, and, if the conversation had reference to the case on trial, was harmful error. The law presumes, *in the absence of explanation* [italics ours], that the interests of the losing party suffered." In the present case the presumption of harm to the losing party is completely removed or rebutted by the explanation; for the recitals in the motion for a new trial show precisely what conversation occurred between the judge and the jury, and that nothing improper was said, and compel the conclusion that no possible harm could have resulted thereby to the accused; and therefore, even if the assignment of error should be considered as complete, no reason would appear for setting aside the verdict.

6. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.　　　*Judgment affirmed.*

DECIDED OCTOBER 24, 1916.

Indictment for misdemeanor; from Glynn superior court— Judge Highsmith. August 2, 1916.

*Bolling Whitfield, Max Isaac,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.