*J. S. Ridgdill, B. C. Williford,* contra.

---

9084.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DEAS.

1. The duty devolving upon common carriers to exercise extraordinary diligence in receiving, keeping, carrying, and discharging passengers remains applicable where in the course of the transportation the coach in which the passenger is being conveyed is detached from the train and placed for the night upon the railway's siding; and it was a question for the jury to determine, under the pleadings and evidence of the case, whether the defendant was guilty of negligence in leaving the lid or drop-door of the vestibule platform open and unguarded, without in any way sufficiently lighting the platform so as to apprise passengers passing out upon it of the danger which would be encountered by reason of the opening thus caused by the removal of the drop-door.

2. In the absence of a timely request, it is not ordinarily reversible error for the court to omit to charge upon the burden of proof; and in order for such failure to justify setting aside a verdict, the rule is that the complaining party must show resulting injury. *Small* v. *Williams,* 87 *Ga.* 681 (13 S. E. 589); *Southern Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703); *Hickman* v. *Bell,* 10 *Ga. App.* 319 (73 S. E. 596); *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (73 S. E. 752); *Whittle* v. *Central of Ga. Ry. Co.,* 11 *Ga. App.* 257 (74 S. E. 1100). Ordinarily the burden of proof lies upon the plaintiff, who, alleging certain facts to exist, claims a right to recover against the defendant (Civil Code of 1910, § 5746); but in a suit for damages against a railway company, when it is shown that the injury complained of was occasioned by the operation of the defendant's cars, the legal and statutory presumption arises that it was occasioned by the company's negligence; and in such a case the law as to this presumption, as embraced by section 2780 of the Civil Code (1910), must be given in charge to the jury, without any request

to that effect (*Killian* v. *Georgia Railroad Co.*, 97 Ga. 727, 25 S. E. 384); but where the defense relied on was that the defendant was without fault, and that the injury to the plaintiff was not occasioned by the operation of the defendant's cars, but was due solely to the negligence of the plaintiff himself, and the judge instructed the jury that their verdict must be determined by the evidence produced upon the issues made, and correctly charged them upon the rules as to the preponderance of testimony, the defendant can not complain that the judge did not take up the particular points of contest made by the evidence, and charge in regard to the shifting of the burden as to such points.

3. When the court gives in charge to the jury an erroneous instruction tending to mislead them as to the law on a material issue in the case, the fact that a different and correct instruction as to the same matter is given in another part of the charge will not nullify or cure the error.

4. There is no merit in the assignments of error other than those dealt with above. The court erred in overruling the motion for a new trial.

DECIDED JUNE 12, 1918.

Action for damages; from city court of Millen—Judge Dekle. July 14, 1917.

*Saffold & Jordan, A. B. Lovett,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.

LUKE, J. Some elaboration of the principle embodied in the third headnote, as applied to this case, is deemed appropriate. In an action for damages by a passenger against a railway company, when it is established that the personal injuries complained of were occasioned by the operation of the defendant's locomotives or cars, a presumption of liability arises against the company; which prima facie case, however, is rebutted if from the evidence of the defendant, or from that of the plaintiff himself, it appears that any one of the following defenses is established: (1) that the injury was done with the consent of the plaintiff, or was caused by his own negligence (Civil Code of 1910, § 2781); (2) that the plaintiff could by ordinary care have avoided the consequences to himself caused by the defendant's negligence after such negligence had, or in the exercise of ordinary diligence should have, become known (Civil Code of 1910, § 4426); or (3) that the defendant had in fact exercised extraordinary diligence in protecting the person of the plaintiff. Civil Code (1910), §§ 2780, 2714; *Douthitt* v. *L. & N. Railroad Co.,* 136 Ga. 351 (71 S. E. 470).

The instruction complained of in the seventh ground of the motion for a new trial is as follows: "Failure to exercise ordinary

care upon the part of the plaintiff, after negligence is apparent, or should have been reasonably apparent to him, or apprehended by him, will preclude a recovery *in any* [italics ours] amount by the plaintiff, if there is *no negligence* [italics ours] attributable to the defendant." It is manifest that the trial judge committed error in this particular portion of his charge. In the first place, the mere failure of the plaintiff to exercise ordinary diligence in avoiding the consequences of the railway company's negligence after it had or should have been known may or may not preclude a recovery by him, since it is only when by the exercise of such care on his part the consequences of such negligence would have been avoided that his failure in this respect will altogether prevent a recovery. *Americus &c. Railroad Co.* v. *Luckie,* 87 *Ga.* 6, 7 (18 S. E. 105). But the error in the instruction complained of in the motion for a new trial, and which it is insisted injuriously affected the rights of the defendant company, consists in the last qualifying clause of the excerpt, by which the bar to the plaintiff's right of recovery on account of his failure to exercise such ordinary care is limited to where there is *no negligence* attributable to the defendant. To us it is apparent that, despite this error, the trial judge correctly understood, and had in mind, the true principle of law here involved, but the question is, could the jury have been confused or misled by the incorrect statement as made, or do the rulings of the court demand a reversal because of this error? It is true that the judge, upon the same subject and in the same connection, continued his charge as follows: "The duty imposed by law upon persons does not arise until the negligence of the other party exists, until an ordinary prudent person under like circumstances would have reason to apprehend if negligence there was. If the railroad company is negligent in the particulars alleged in the petition, and the plaintiff is also negligent, and his negligence along with the negligence of the defendant, both contributing together, caused the injury, and if it would not have been caused by the negligence of the defendant unless the plaintiff also had been negligent, and his negligence contributed as a direct cause of the injury, that would make a case of contributory negligence where the plaintiff would not be entitled to recover of the defendant." But in *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239), the Supreme Court said

that "The jury must take the whole charge as the law, and it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge." In *Western & Atlantic R. Co.* v. *Clark,* 117 *Ga.* 548 (44 S. E. 1), it was said: "Where an erroneous rule of law is given to the jury on a material issue in the case, and is of such a nature as is calculated to mislead them, a new trial will be granted notwithstanding the correct rule may have been announced in other portions of the charge." See also *Morris* v. *Warlick,* 118 *Ga.* 421 (45 S. E. 407) ; *Morrison* v. *Dickey,* 119 *Ga.* 698 (46 S. E. 863) ; *Bennett* v. *Atlantic Coast Line R. Co.,* 126 *Ga.* 411, 413 (55 S. E. 177) ; *Cress* v. *State,* 126 *Ga.* 564 (55 S. E. 491) ; *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468) ; *Pelham Mfg. Co.* v. *Powell,* 6 *Ga. App.* 308 (64 S. E. 1116). The excerpts from the charge here complained of are in terms contradictory, and fail to furnish the jury with a correct rule or guide. The two excerpts when taken together were calculated to mislead or confuse the jury. We are of the opinion that the error pointed out could have misled, and perhaps did mislead, the jury. Suffice it to say that in our opinion the jury were erroneously instructed, and the erroneous instruction was not cured by any prior or subsequent instruction. *Judgment reversed. Wade, C. J., concurs. Jenkins, J., dissents.*

JENKINS, J., dissenting. About all that is expected and required of the presiding judge in presenting the rules of law governing the issues involved in a pending trial is that the charge shall be fair, clear, accurate, reasonable, definite, and full; but he must not, even by implication, intrench upon the province of the jury, nor touch upon matters not actually warranted by the evidence. Here, with us, even with the books before us, and aided as we are by the well-considered briefs and arguments of opposing counsel, it ofttimes is no easy thing precisely to state the law. And even though the rules as here laid down can thus be formulated with the utmost caution and painstaking care, it nevertheless sometimes happens that a statement proves inexact, and must subsequently be criticised, or the decision itself overruled. But with the trial judge, it is not his function first to ascertain and then to state the law; his duty is to know it. Throughout the shifting points of contest he must be able almost instantly to recognize and sustain those principles which are legally sound, and with

the same ready aptitude "Shoot folly as it flies." Thus, from the necessity of the case, it has been settled by numerous decisions in this State that mere slips of the tongue or verbal inaccuracies in a charge which are not calculated actually to mislead the jury or obscure the meaning of the court will not cause a new trial. It has also been often held that an irrelevant charge will not cause a new trial, where it does not appear to have been prejudicial to any rights of the parties, and was not likely to have misled the jury as to the true issues of the case. The defense actually relied upon in this case, as stated in the second headnote of the opinion, was that the defendant was without fault, and that the injury sustained by the plaintiff was really not occasioned by the operation of the defendant's cars, but was due solely to the negligence of the plaintiff himself. The excerpt from the charge complained of is as follows: "Failure to exercise ordinary care upon the part of the plaintiff, after negligence is apparent, or should have been reasonably apparent to him, or apprehended by him, will preclude a recovery in any amount by the plaintiff, *if there is no negligence attributable to the defendant.*" Immediately following this instruction, and in the same connection, the charge continued as follows: "The duty imposed by law upon persons does not arise until the negligence of the other party exists, until an ordinary prudent person under like circumstances would have reason to apprehend if negligence there was." Since the real contest under the plea was not whether the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence after it had, or should have, become known, but whether the injury was in fact caused by the plaintiff's own negligence and not by the negligence of the defendant, it does not seem that an instruction on the principle sought to be stated in the excerpts was really necessary to a determination of the issue actually involved. The question at last, however, is whether or not the jury could reasonably have been confused or misled by this portion of the charge, to the injury of the defendant's rights. While it is true that "Where an erroneous rule of law is given to the jury *on a material issue in the case,* and is of such a nature as is calculated to mislead them, a new trial will be granted notwithstanding the correct rule may have been announced in other portions of the charge," still, in this instance, since the erroneous proviso is contradicted

by the language and meaning of the identical sentence to which it was appended, the very excerpt complained of stating within itself that the plaintiff's right to a recovery is precluded by his failure to exercise ordinary care "after negligence is apparent, or should have been reasonably apparent to him," it would seem that the self-contradictory excerpt complained of fails within itself to furnish any rule or guide whatever. While it is self-evident that the presiding judge himself had the correct rule in mind, the erroneous proviso nullifies, and is itself nullified by, the other portion of the identical excerpt complained of. It would thus appear that since the portion of the charge specifically excepted to fails within itself to furnish any rule or guide, it is really not a question of whether an incorrect principle has been corrected, nor is it a case where the jury is required to accept one portion of the charge to the exclusion of the other. But since the portion of the charge given immediately following and in the same connection must be construed together with the part first quoted, the question is whether the two excerpts, when taken together and construed together, were calculated to mislead or confuse the jury upon any material issue involved and to the prejudice of the defendant's rights. It has been repeatedly held by the Supreme Court that an attack upon the charge of a court by culling therefrom isolated clauses and sentences, which, if taken alone, would be erroneous, will not be entertained when, immediately preceding or following the objectionable extracts, they are so qualified by the language of the court as to state correctly the law of the case. *Britten* v. *State,* 124 *Ga.* 783 (53 S. E. 99). Since no erroneous rule or guide can really be taken as having been actually expressed, and since the explanation immediately following it would seem to have cleared up the patent contradiction set forth, and especially since the principle here considered was in fact not involved in the determination of the real issue in the case, I do not think the irrelevant and contradictory statement as immediately modified could have misled or confused the jury in their determination in the actual issue in the case.