26127. CHAVIS *v.* THE STATE.

Decided April 7, 1937. Rehearing denied May 11, 1937.

*Heath & Heath,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.

Broyles, C. J. ■ In a criminal case the solicitor-general may properly refer to the fact that the accused, although having had witnesses called and sworn, has failed to put them on the stand to rebut evidence introduced by the State. *Saffold* v. *State,* 11 *Ga. App.* 329 (75 S. E. 338); *Ponder* v. *State,* 18 *Ga. App.* 727 (2) (90 S. E. 376); State *v.* Kiger, 115 N. C. 746 (2) (20 S. E. 456). Under the above-stated ruling the refusal of the court to declare a mistrial in the instant case was not error.

■ A ground of the motion for new trial complains of the following charge: "Now if you should find on the back of this indictment a verdict as to some other defendant in this case, it would be your duty to disregard that; you have nothing to do with that at all; you fix your verdict as to Willard Chavis [the defendant on trial] from this evidence on this trial, and from no other source." The complaint is that the court erred in so charging, and in "sending out with the jury the verdict of guilty, rendered the previous day, against the codefendant Emmett Carter, without covering the same up," the verdict against said Carter not having been put in evidence. In his order overruling the motion for new trial the judge included the following note: "The court was anxious that the jury be not influenced in any way by the finding in the other case, [and] gave them positive instructions to fix their

verdict by the evidence before them and to disregard the other verdict. The defendant complains of this, as though he would have preferred for them to have no instructions on this line and to be influenced by the other verdict if they desired to. In the next breath he says that the court should have had the former verdict covered up. The court would have been glad to have had this done, if it had been requested. The defendant's attorneys heard the court give the jury definite oral instructions to disregard the verdict of the other defendant; and had they desired further action by the court to protect the rights of their client from any influence of the other verdict, which could not be prevented by oral instructions from the judge, then by all means they should have requested the court to have the other verdict concealed. The same attorneys represented both defendants, and knew about the former verdict; and certainly now they can not be heard to complain of something that they fully understood was happening, and made no complaint or request to [the court] in connection therewith." Under the above-stated facts there is no merit in the ground. If counsel for the defendant had not known of the other verdict on the back of the indictment, or had requested the court to have it covered up (which request had been refused), our ruling would be otherwise.

■ The other special assignments of error show no cause for reversal of the judgment.

■ The defendant was convicted of simple larceny (cattle-stealing) ; and the evidence for the State, while wholly circumstantial, was sufficient to exclude every reasonable hypothesis save that of his guilt. The defendant introduced no evidence, and his statement was evidently rejected by the jury, as they had the right to do. The verdict was amply authorized by the evidence, and the denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*