27549. KEMP *v.* THE STATE.

DECIDED OCTOBER 21, 1939. REHEARING DENIED DECEMBER 14, 1939.

*Homer A. Glore, Astor Merritt, Judson Andrews,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, Bond Almand, James K. Rankin,* contra.

MacIntyre, J. The indictment against H. N. Kemp was in six counts for cheating and swindling. There was a verdict of not guilty on count 1, count 2 was abandoned by the State, and a verdict of guilty was rendered on counts 3, 4, 5, and 6.

1. Special grounds 1, 2, 5, 9, 10, and 12 of the motion for new trial are not meritorious as to the points raised, that the charge in the indictment that the accused procured from named persons certain named amounts of dollars in money was not sustained by proof that he procured checks for these amounts. This objection would be good except for the fact that the State proved that the checks were cashed by the defendant, and this was the equivalent of procuring the money. In *McCoy* v. *State,* 124 *Ga.* 218, 220 (2) (52 S. E. 434), it was said: "While the charge in the accusation that the accused procured from the prosecutor ten dollars in money could not be sustained by mere proof that he procured from the prosecutor a draft for ten dollars, yet if this evidence was followed by proof that the accused had the draft cashed, this would be equivalent to his procuring the money from the prosecutor." See *Saunders* v. *State,* 43 *Ga. App.* 59 (6) (158 S. E. 433). The further point is made that no money or cash was paid to H. N. Kemp, the defendant, and that the checks were made payable to the Kemp-West Motor Company. However, the checks showed that they were indorsed "Kemp-West Motor Company by H. N. Kemp," and that they were cashed on this indorsement. Kemp was an officer and agent of the company, and handled the transactions relative to the sale of the cars for which these checks were given, and as a part of these transactions the fraudulent misrepresentations which caused the loss were made by him. "Whether the indictment is joint or several, any particular defendant accused therein of having committed the misdemeanor may be convicted by proof either that he directly and personally enacted the criminal transaction, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of another, who was the direct

and immediate actor." *Loeb* v. *State,* 6 *Ga. App.* 23 (64 S. E. 338). There are no accessories in misdemeanors. All persons aiding or abetting are chargeable as principals. *Grant* v. *State,* 47 *Ga. App.* 234 (170 S. E. 394) ; *Sirmans* v. *State,* 48 *Ga. App.* 159 (172 S. E. 93).

2. A representation by one that he has title to a certain automobile, "made for the purpose of inducing another to purchase it, if false within the knowledge of him who makes the representation, is within the statute against cheating and swindling." *Diamond* v. *State,* 52 *Ga. App.* 184 (2) (182 S. E. 813). In count 3 of the indictment the State alleged more than one way in which, or rather more than one act by which, the defendant cheated and defrauded the American Discount Company by the misrepresentations made in reference to several transactions, all of which related to the title to the same automobile. The proof of any of the criminal transactions or acts alleged in this count, not necessarily all of them, would authorize a conviction under this count, and the exact amount of money constituting the loss need not be the full amount alleged, but proof of only a part of the amount as alleged would be sufficient as to loss. *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622) ; *Jackson* v. *State,* 76 *Ga.* 551 (10), 569.

3. Ground 4 is merely an elaboration of the general grounds as to counts 4, 5, and 6, and is not meritorious.

4. In ground 6 the defendant objects to the question asked of J. B. Strickland, assistant treasurer of the American Discount Company (the company alleged to have been defrauded), to wit: "Do you send out notices that the past-due monthly instalments are due on automobiles?" This was objected to by the defendant as irrelevant and immaterial. The objection was without merit, because, in connection with the other evidence, it explained how the American Discount Company happened to discover that the people on the notes were not bona fide purchasers of the notes on the automobiles, as represented by the defendant.

5. In ground 7 error is assigned on the admission, over objection, of testimony as follows: "Q. What did he say, if anything, regarding the signature and the purchase of these contracts? Or did you ever mention to him the type of purchases on the contract? A. Yes, sir, it was mentioned to him, and *he offered from time to time to make good a fractional part of the loss* [italics ours] that

he knew we would sustain by reason of the purchase of the contracts." It is insisted that this testimony, especially that part in italics, was inadmissible as being in the nature of a statement made in an effort to adjust or compromise differences, and was not an admission as to a particular contract. The objection was without merit; for the testimony indicated a statement in the nature of an admission or confession of a criminal act and an offer of restitution, rather than one in the nature of an offer to compromise. In a compromise there must be a bona fide dispute. At least the jury was entitled to hear the evidence (see the testimony quoted in the next following division) and to determine for themselves whether, with the other evidence, it tended to show an admission or confession or merely an offer to compromise.

6. Fowler was the business manager of the local office of the American Discount Company which handled the contracts mentioned in the indictment and other contracts of this company, and he had testified in detail as to what were the facts that the investigation disclosed, which facts showed the manner in which the contracts in question were handled. He then testified: "I discussed with [the defendant] these particular contracts, and told him after our investigation that the contracts were fraudulent; and he admitted as much. He did not say anything else about it, except that he offered from time to time to make good a fractional part of the loss. There was no agreement that these contracts could be handled in the manner that our investigation showed that they were handled." No error appears from the assignment that the last sentence in the quoted testimony was objectionable on the ground that it was hearsay and was a mere conclusion.

7. Under the facts in this case, where the loss alleged was for an amount larger than the amount proved there is no fatal variance, as contended in ground 11, between the allegation and the proof, where the larger amount alleged included the lesser amount proved.

8. Ground 13. There was no request to charge, and there was nothing in the charge to the jury intimating or indicating that the indictment was anything other than the mere pleading in the case. Hence there was no reversible error in the judge's failure to charge that the indictment was not evidence and should not be considered as such, but was only the pleading in the case.

9. The judge having refused to certify to the correctness of ground 14, this court can not consider it.

10. In ground 15 the defendant excepted to the following instruction in the charge to the jury: "Now, upon the issues thus formed, you will take into consideration of the evidence in the case, all the surrounding facts and circumstances, and the defendant's statement, giving it such weight and consideration as you think it right to receive," on the ground that "it was harmful to petitioner. Petitioner insists that this was especially harmful, due to the fact that the court had admitted evidence of various transactions ·other than the transactions charged in the bill of indictment, same having been admitted by the court upon the theory that the defendant contended that he had made a full and complete settlement with the American Discount Company." This ground is without merit. See Code, § 38-107.

11. Under repeated rulings of the Supreme Court and of this court, the failure of the judge to charge the jury on the law of confessions is not error, in the absence of a timely written request. *Keen* v. *State,* 43 *Ga. App.* 331 (2) (158 S. E. 611).

12. It was not reversible error for the court, without request, to fail to define "misdemeanor," and to tell the jury what punishment could be imposed in case of conviction. *Turnipseed* v. *State,* 53 *Ga. App.* 194, 203 (185 S. E. 403).

13. "The solicitor-general is not permitted to refer to the fact that the defendant had not made a statement, but he may properly comment upon the fact that the accused has failed to adduce testimony in rebuttal of evidence introduced by the State, tending to show his guilt." See *Morgan* v. *State,* 124 *Ga.* 442 (52 S. E. 748) ; *Ponder* v. *State,* 18 *Ga. App.* 727 (90 S. E. 376).

14. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*