37352. WESTERN & ATLANTIC RAILROAD *v.* MANSFIELD.

DECIDED OCTOBER 21, 1958.

424

 

*John Sammons Bell, Neel & Ault, E. S. Ault,* for plaintiff in error.

*Wm. A. Ingram,* contra.

QUILLIAN, Judge. 1. Special ground 3 assigns as error the following charge: "Gentlemen,·I charge you that in the preceding charge which I gave you where the allegation of the petition, in reading the allegation of the petition which alleged that it failed to blow its whistle and in the charge that I gave you in connection therewith, I charge you that it would be your duty to find that the railroad was negligent, if you find that it failed to blow its whistle or horn as alleged, and I charge you that would be a matter for you to determine as to whether or not it did, in fact, blow its whistle."

The charge was error because it instructed the jury they should find the defendant guilty of negligence if they determined that the defendant's employees failed to blow the train whistle or horn as it approached the crossing where the collision occurred. The collision occurring within the corporate limits of a town, the defendant was not required by statute to blow the whistle or horn as it approached a public crossing. Code § 94-507. Whether the commission of acts other than those prescribed by statute or a valid municipal ordinance constitute negligence is exclusively for determination by the jury and it is error for a trial judge to declare a particular act or omission to be negligence. *Savannah, Florida & Western Ry. Co.* v. *Evans,* 115 *Ga.* 315 (41 S. E. 631, 90 Am. St. R. 116); *Atlanta, Knoxville, & Northern Ry. Co.* v. *Bryant,* 110 *Ga.* 247 (34 S. E. 350); *Fenelon* v. *Southern Ry. Co.,* 143 *Ga.* 26 (84 S. E. 57). While the judge instructed the jury as to the correct principle of law elsewhere in the charge, this did not cure the incorrect instruction, because the judge failed either to call the jury's attention to the error or to instruct them that the incorrect instruction was withdrawn. The jury should not be left to select between two conflicting charges. *C. & S. Nat. Bank* v. *Kontz,* 185 *Ga.* 131 (194 S. E. 536); *Central of Georgia Ry. Co.* v. *Deas,* 22 *Ga. App.* 425 (96 S. E. 267).

2. The remaining special grounds of the amended motion for

a new trial show no error. The only general ground of the motion for a new trial which was insisted upon was that the verdict was without evidence to support it. While the evidence was in conflict, it amply authorized the verdict.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*