## 42430. STRICKLAND v. THE STATE.

HALL, Judge. The defendant appeals from his conviction and sentence of three years for burglary. *Held:*

1. In his first enumeration of error the defendant complains of an excerpt from the charge on the State's burden of proof wherein the court used the language that if the jury should be "reasonably certain" and "reasonably satisfied" from the evidence that the defendant was guilty they would be authorized to and should find him guilty. This excerpt must be considered in context with the rest of the charge on the State's burden of proof, in which the court made clear several times that if the State failed to prove guilt beyond a reasonable doubt they should acquit the defendant, and instructed the jury on what the law means by a "reasonable doubt" and on the presumption of the defendant's innocence. When so considered the excerpt complained of

was not error or harmful to the defendant. *Merritt v. State*, 110 Ga. App. 150, 153 (137 SE2d 917). "When taken in connection with the full and ample instruction given, that the jury would not be authorized to convict unless convinced of the guilt of the accused beyond a reasonable doubt, and that the burden rested upon the State to overcome the presumption of her innocence, and considering the qualifying words concluding the excerpt complained of, 'in the manner and form as required by law applicable to the case,' there was no reversible error in the following instruction: 'It is for you to look to the evidence in the case and all the facts and circumstances in the case, and determine whether or not the guilt of the defendant of the charge as made in the indictment has been established to the reasonable satisfaction of the jury, in the manner and form as required by law applicable to the case.'" *Ponder v. State*, 18 Ga. App. 727 (4) (90 SE 376); *Hicks v. State*, 18 Ga. App. 93, 94 (88 SE 917).

2. The court did not err in admitting the sheriff's testimony to the effect that a co-indictee had stated in the presence of the defendant that the defendant participated in the burglary, over the objection that the sheriff's testimony was hearsay and the defendant was denied the right to confront and cross-examine the co-indictee who was out of the state at the time of the trial. *Kryder v. State*, 57 Ga. App. 200, 203 (194 SE 890).

3. Direct evidence, consisting of the testimony of two accomplices, identifying the defendant as a participant in the burglary, the testimony of the wife of another accomplice that on the night of the burglary her husband and the defendant carried into her house some of the merchandise that was identified as having been taken from the victim's store, and that the next day the defendant took some of this merchandise from her house, and other circumstantial evidence, authorized the conviction. The trial court did not err in overruling the defendant's motion for new trial.

4. Other enumerations of error are not supported by the skeleton argument in the brief or by citation of authority as required by Rule 17 of the Court of Appeals, and are deemed to be abandoned.

*Judgment affirmed. Bell, P. J., Frankum, P. J., Jordan, Eber-*

*hardt, and Deen, JJ., concur. Felton, C. J., Pannell and Quillian, JJ., dissent.*

SUBMITTED NOVEMBER 7, 1966—DECIDED FEBRUARY 9, 1967— REHEARING DENIED FEBRUARY 21, 1967

*Albert E. Butler,* for appellant.

QUILLIAN, Judge, dissenting from Division 1. After having given the jury a most able instruction as to the State's burden of proof, the trial court charged the following: "If on the other hand your minds should be reasonably certain and you should be reasonably satisfied from the evidence which has been produced before you in your sight and hearing, in this courtroom that the defendant be guilty, you would be authorized to find him guilty, then it would be your duty to find him guilty, should you so decide and determine."

The burden of proof is on the State to establish the guilt of the accused beyond a reasonable doubt. *Raysor v. State,* 132 Ga. 237 (63 SE 786). The charge excepted to placed a different burden on the State from that provided by law, and the fact that a correct charge was given elsewhere in the jury's instructions would not nullify the error. "An erroneous and injurious instruction is not cured by a correct statement of the law in another part of the charge to the jury, wherein the incorrect charge is not expressly withdrawn from their consideration and their attention directed thereto." *Citizens & Southern Nat. Bank v. Kontz,* 185 Ga. 131 (2) (194 SE 536); *Central of Ga. R. Co. v. Deas,* 22 Ga. App. 425 (96 SE 267); *Western & A. R. v. Mansfield,* 98 Ga. App. 421, 424 (105 SE2d 804).

I am authorized to state that Chief Judge Felton and Judge Pannell concur in this dissent.