43097. COLEY v. THE STATE.

ARGUED OCTOBER 4, 1967—DECIDED JANUARY 30, 1968.

150 

Reinhardt, Ireland, Whitley & Sims, Glenn Whitley, Bob Reinhardt, Hugh Wilson, for appellant.

D. E. Turk, Solicitor General, for appellee.

WHITMAN, Judge. 1. Four of appellant's enumerations assign error on the trial court's charging the jury with respect to (1) the offense of driving a vehicle upon the left half of a roadway; (2) the offense of driving while under the influence of intoxicating liquor; (3) the offense of speeding in the City of Abbeville; and (4) the offense of failing to pass to the right while meeting a vehicle proceeding in the opposite direction.

The charges are said to have been erroneous because the evidence was insufficient to support a finding by the jury that the defendant was guilty of any of these unlawful acts. These enumerations can not be considered for the reason that no such objections were made to the charge before the jury returned its verdict as required by Code Ann. § 70-207 (a) (Section 17 (a) Appellate Practice Act of 1965; Ga. L. 1965, pp. 18, 31, as amended Ga. L. 1966, pp. 493, 498). Nathan v. Duncan, 113 Ga. App. 630, 638 (149 SE2d 383).

2. The appellant has enumerated as error the overruling by the trial court of an objection, timely made, to the following

portion of the court's charge: "I charge you that if you believe beyond a reasonable doubt that . . . this defendant did . . . kill William M. Campbell . . . without intention to do so while engaged in the commission of any of the unlawful acts, as alleged in the bill of indictment, that the violation of such unlawful act or acts contributed to the death of the deceased, and that death would not have resulted but for such unlawful act, then and in that event, the jury would be authorized to convict the defendant of the offense of involuntary manslaughter in the commission of an unlawful act. I charge you that if the defendant did not commit any of the unlawful acts . . . or if he committed an unlawful act . . . but such unlawful act did not contribute to the death of the person named in the indictment . . . then in either of these events, it would be your duty to acquit the defendant of the offense of involuntary manslaughter in the commission of an unlawful act."

The appellant's contention is that it was error to charge that an unlawful act need only be found to have *contributed* to the homicide in order to convict for involuntary manslaughter, and likewise, that an acquittal was authorized if such act *did not contribute* to the homicide.

To convict for the offense of involuntary manslaughter in the commission of an unlawful act, it is necessary, among other things, that the death be the *proximate result* of the unlawful act. *Wells v. State,* 44 Ga. App. 760 (1) (162 SE 835); *Trippe v. State,* 73 Ga. App. 322 (1) (36 SE2d 121). See also *Edmonds v. State,* 98 Ga. App. 827 (1) (107 SE2d 286). Or, as it may otherwise be stated, the unlawful act must be found by the jury to be the *proximate cause* of the homicide. The charge as given placed a lesser burden on the State than that required by law and was therefore erroneous.

*Silver v. State,* 13 Ga. App. 722 (79 SE 919), relied on by the appellee, is not here controlling, as "contributing cause" was not involved in that case.

That the court elsewhere in its instructions correctly charged that the death must be the proximate result of the unlawful act does not eliminate the error. "An erroneous and injurious

instruction is not cured by a correct statement of the law in another part of the charge to the jury, wherein the incorrect charge is not expressly withdrawn from their consideration and their attention directed thereto." *Citizens & S. Nat. Bank v. Kontz,* 185 Ga. 131 (2) (194 SE 536); *Central of Ga. R. Co. v. Deas,* 22 Ga. App. 425 (96 SE 267); *Western & A. R. v. Mansfield,* 98 Ga. App. 421, 424 (105 SE2d 804).

A new trial is required.

3. The remaining enumerations assign error on (1) the trial court's overruling defendant's amended motion for new trial, and (2) the trial court's entering the judgment of conviction and sentence when the evidence was insufficient to support every unlawful act charged against the defendant. Neither of these enumerations is argued in the defendant's brief and they are treated as abandoned. *Bass v. State,* 115 Ga. App. 461, 463 (3) (154 SE2d 770).

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*