## 44661. WEST v. THE STATE.

BELL, Presiding Judge. The defendant was convicted of assault with intent to murder.

1. Defendant objected to the admission of certain items of evidence offered by the State on the basis that they were obtained as the result of an unlawful search and seizure. Defendant did not file a written motion to suppress this evidence. His failure to comply with the provisions of *Code Ann.* § 27-313 by interposing a written motion to suppress constitutes a waiver of the constitutional guaranty with respect

to the search and seizure in question. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474); *Watts v. State,* 117 Ga. App. 558 (1) (161 SE2d 516); *Thomas v. State,* 118 Ga. App. 359 (1) (163 SE2d 850); *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474).

2. A sawed-off double barrel shotgun found in defendant's car when it was searched under the search warrant obtained for that purpose was admitted into evidence over the objection that (a) the search was illegal because the warrant called for a search of a vehicle belonging to Daniel Webster rather than Daniel West and there had been no showing of how the officer taking the warrant had known that the shotgun would be found in defendant's car and (b) that there had been no evidence that the shotgun was used in the robbery of the liquor store and thus its admission into evidence would be purely prejudicial.

In his testimony the defendant asserted that his co-defendant, Burkes, had been using his car frequently at night in Miami, that he had there seen the shotgun, which belonged to Burkes, that he drove Burkes from Miami to Pelham and Camilla the night before the liquor store robbery but that he did not see the shotgun in his car on this occasion and did not know that it was in the car, that he and Burkes spent the night with his mother and went out together the next morning, and when passing by the liquor store Burkes asked whether he would like some beer, to which he replied in the affirmative and thereupon pulled his car up to within three or four feet of the store and stopped it. They got out and went in together, asked about some beer and were told that there was none, after which inquiry was made about liquor and Burkes assaulted and shot the operator of the store behind the counter while defendant stood at the door and looked out. It developed that a bullet which Burkes had fired at the operator ricocheted and struck Burkes in the leg, wounding him. Burkes did not want to go to the hospital and defendant took him to his mother's home.

Two days later defendant put his car in a garage for some repair where it was located by officers, who obtained a search warrant and found in it two pistols, the shotgun, some bullets and some clothing. The operator of the store did not see the shotgun when the store was held up and he was shot in the shoulder with a pistol.

392

We think these circumstances are sufficient to indicate that the shotgun was in the car at the time of the robbery, some three or four feet from the store, and thus available for use if needed. "At most we think it could only be said that [its] admissibility was doubtful, and it has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." *Goodman v. State,* 122 Ga. 111, 118 (49 SE 922). Actually, we find little doubt as to its admissibility.

The objection based upon a claim of an illegal search and seizure is disposed of by the ruling in Division 1.

The claim of prejudice is not meritorious, unless the shotgun was otherwise inadmissible as evidence. "[W]here evidence is pertinent and admissible, it cannot be excluded merely because it tends to damage or impair the cause of the party against whom it is being introduced." *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871, 874 (52 SE2d 485).

3. Defendant complains that the court erred in not granting defendant's motion for mistrial made after the district attorney's opening statement to the jury. It is contended that the district attorney in his opening advised the jury that the defendant's confession would be produced for their consideration. During the course of the trial, the court, after a hearing out of the presence of the jury, refused to admit defendant's out-of-court statement to the police. The alleged opening remarks of the district attorney are not included in the transcript before this court. We cannot consider questions relating to the proceedings on the trial which are not incorporated in a properly authenticated transcript. *Code Ann.* § 6-805 (d); *Palmer v. Stevens,* 115 Ga. App. 398, 402 (154 SE2d 803). But see *Thornton v. State,* 209 Ga. 51, 52 (70 SE2d 733).

4. The remaining enumerations of error are not argued in the defendant's brief and are treated as abandoned. *Bass v. State,* 115 Ga. App. 461 (154 SE2d 770); *Coley v. State,* 117 Ga. App. 149 (159 SE2d 452). The trial court did not err in overruling the motion for a new trial and the judgment is

*Affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 2, 1969—
REHEARING DENIED SEPTEMBER 25, 1969.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry, Perry, Walters, Langstaff, Lippitt & Campbell, R. Edgar Campbell,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.