### 45901.   BERRY v. THE STATE.

PANNELL, Judge. The defendant was charged, tried and convicted of making an assault with a deadly weapon. His motion for new trial was overruled and he appealed to this court, complaining of two errors allegedly committed by the trial judge. *Held:*

1. During the prosecuting attorney's argument to the jury, the attorney for the defendant objected to his argument "about the failure of the defendant to put up co-defendants in the case as witnesses in his behalf, because under the law we are not able to compel them to testify. They are joint defendants." The trial court overruled the objection. There is nothing in the transcript

of proceedings before this court to indicate what was said by the prosecuting attorney other than what is contained in the objection made. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204). "This court cannot consider questions with respect to proceedings on the trial which are merely related in the enumeration of errors but are not incorporated in a properly authenticated transcript as required by the [Appellate Practice] Act." *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803). See also in this connection *Greene v. McIntyre,* 119 Ga. App. 296, 297 (167 SE2d 203); *West v. State,* 120 Ga. App. 390 (3) (170 SE2d 698); *McKinney v. State,* 121 Ga. App. 815 (1) (175 SE2d 893). However, should we take the objection made as a proper recitation of what occurred, no error would be shown, as it is perfectly proper for the prosecuting attorney to comment on the fact that the defendant failed to adduce testimony in rebuttal of the State's evidence. See in this connection *Saffold v. State,* 11 Ga. App. 329 (4) (75 SE 338); *Ponder v. State,* 18 Ga. App. 727 (2) (90 SE 376); *Chavis v. State,* 55 Ga. App. 754 (1) (191 SE 270); *Kemp v. State,* 61 Ga. App. 337, 341 (6 SE2d 196); *Howard v. State,* 86 Ga. App. 85, 87 (70 SE2d 870). There is nothing in the statement of the objection of counsel that would indicate the prosecuting attorney was arguing to the jury that the failure of the defendant to place his co-defendants on the stand in his behalf would *create a presumption in favor of the State.* See in this connection *Mills v. State,* 133 Ga. 155, 158 (65 SE 368); *Bond v. State,* 68 Ga. App. 15 (2) (21 SE 866).

2. Complaint is made of the following charge of the court: "Nevertheless, if the jury should believe beyond a reasonable doubt that the defendant is guilty as charged, they should convict, notwithstanding evidence as to general good character or as to alibi." This charge followed a proper charge on the consideration of evidence as to good character and alibi and as to the fact either one could create a reasonable doubt in the minds of the jury which would be ground for acquittal. When construed

in connection with the charges immediately preceding, we do not think this charge was confusing to the jury.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JANUARY 5, 1971—DECIDED APRIL 7, 1971.

*E. T. Hendon, Jr., J. W. Moulton,* for appellant.
*Richard Bell, District Attorney, Eugene Highsmith,* for appellee.