51085. MAHAR v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted on three counts of theft by receiving stolen property; Count 1 — a color television, Count 2 — a truck, and Count 3 — numerous

items of clothing. He appeals enumerating 10 errors dealing generally with: (1) comments made by the district attorney in his opening and closing statements, (2) admission of evidence that was discovered by an alleged illegal search, and (3) allowing the testimony of a witness who was not on the state's list of witnesses. *Held:*

1. Appellant contends that the district attorney, in his opening statement, told the jurors not to make up their minds about the appellant's guilt until they had heard from the defendant. The district attorney disputed that he made such comment and the remarks were not transcribed. This court cannot consider asserted errors which are not supported by the record. *Berry v. State,* 123 Ga. App. 616 (1) (182 SE2d 166); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803). There being no transcript of what the remarks were, we cannot consider this enumerated error.

The district attorney in his closing argument (excerpts were transcribed for the record) remarked, "Now what evidence has the defendant offered to contradict or controvert or to change any of these things? They have very little . . . very little evidence and almost no facts." Then later, he commented, "Where is the defendant's case?" In the context in which these remarks were made, it is clear that they were not comments of the defendant's failure to testify (Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106)), nor did they have the effect of shifting the burden of persuasion to the defendant (*Howard v. State,* 86 Ga. App. 85 (70 SE2d 870)). Instead the remarks were permissible comments on the defense's failure to adduce evidence in rebuttal to the state's evidence. See *Vaughn v. State,* 126 Ga. App. 252 (11) (190 SE2d 609); *Berry v. State,* supra; *Chavis v. State,* 55 Ga. App. 754 (1) (191 SE 270); *Ponder v. State,* 18 Ga. App. 727 (2) (90 SE 376).

2. Appellant contends that the trial court erred in denying his motion to suppress evidence of (a) a stolen color television found in appellant's apartment, (b) a stolen truck found in a parking lot adjacent to appellant's apartment, and (c) stolen clothes found inside the apartment and inside the truck.

(a) As to the search of the apartment, appellant

contends it was illegal because the affidavit was insufficient to support the search warrant. In the affidavit, a criminal investigator for the DeKalb County Police Department stated, among other things: "On November 15, 1973, this writer received information from Detective Hardeman, Atlanta Police Dept. that he Det. Hardeman had received information from Kenneth Sutton Boyd. That he Kenneth Sutton Boyd had seen a Magnavox color portable television in the apartment of Bill Mahan [appellant], 4430 Tilly Mill Rd. Bldg. 12 Apt. H, LaFayette Square Apartments, Chamblee, Georgia in DeKalb County and that he knew of his own knowledge that said television had been taken in a burglary from Cook and Thompson Inc." On the basis of this information alone the search warrant was issued and the police searched appellant's apartment. The color television was found in the living room. There was no mention in the warrant of stolen clothes, but the police, after finding the color television, continued to search the apartment and found the clothes, with sales tags still attached, hanging in the closet of a back bedroom.

We must conclude that the search of the apartment was illegal. The affidavit fails to satisfy the second requirement of the Aguilar-Spinelli test which is "that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than 'a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). See also: *Mitchell v. State,* 136 Ga. App. 2. The affidavit does not state how the informant, Boyd, knew the television was stolen property. That Boyd "knew of his own personal knowledge" that the television was stolen without stating how he knew is no different from the informant in *Wood v. State,* 126 Ga. App. 423 (190 SE2d 828), stating that he "felt" certain items were stolen. See also, *Mitchell v. State,* supra; *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797); *Maxwell v. State,* 127 Ga. App. 168 (193 SE2d 14); *Miller v. State,* 126 Ga. App. 847 (1) (191 SE2d 883).

For this reason the conviction of Count 1, pertaining

to the color television, is reversed. However, the conviction of Count 3, pertaining to the clothes subsequently found in the truck, is upheld for the reasons stated below.

(b) The truck, which was parked approximately 150 feet away from appellant's apartment in a parking lot, was seen by officers as they were concluding their search of the appellant's apartment. One of the officers ran a "tag check" on the truck and discovered that it did not match the serial number on its registration certificate. The truck was later determined to be stolen and several witnesses testified that the appellant had been seen driving the truck and otherwise holding it out to be his own. Stolen clothes were found inside the truck with price tags on them. The search warrant did not mention either the clothes or the truck, but they were nevertheless seized and impounded and used as the basis for Counts 2 and 3 of the indictment. Appellant contends that because the warrant did not "particularly describe . . . the things to be seized" (Fourth Amendment, Constitution of the United States (Code Ann. § 1-804)) and because the seizure was not otherwise authorized without a warrant, the seizure of these items was illegal.

The state contends that, while the appellant may have had standing to object to the search of his apartment, he did not have standing to object to the search and seizure of the truck and the clothes therein because both were stolen property in which appellant had no protectable interest.

As to the truck, its seizure was not in violation of appellant's Fourth Amendment rights whether or not it was listed on the search warrant and regardless of appellant's standing to object. The truck was not within the curtilage nor in a garage or otherwise secreted, nor is there any evidence that it was a fruit of an illegal search. "A police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be." *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123). See also *Cook v. State,* 134 Ga. App. 712 (3) (215 SE2d 728); *Smith v. State,* 132 Ga. App. 691 (1) (209 SE2d 112); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067). The truck was properly seized as obvious

contraband and its seizure did not violate appellant's constitutional rights.

As to the clothes found inside the truck, whether or not they were in plain view (see United States v. Hanahan, 442 F2d 649 (1)), the appellant has no standing to object to their seizure because he had no legitimate expectation of privacy in the premises (the stolen truck). Cf. Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697). "Since a thief [or a receiver of a stolen truck] cannot expect privacy in the stolen vehicle, it seems clear that if he has secreted property in the stolen automobile he can have no legitimate expectation of privacy in that vehicle to support a challenge to its search or to the method of seizure of the property." Gutterman, A Person Aggrieved: Standing to Suppress Illegally Seized Evidence in Transition, 23 Emory L. J. 111, 129 (1974). See Brisbane v. State, 233 Ga. 339, 344-345 (211 SE2d 294); Brinks v. State, 232 Ga. 13 (3) (205 SE2d 247); Grantling v. State, 229 Ga. 746 (3) (194 SE2d 405); Dutton v. State, 228 Ga. 850 (1) (188 SE2d 794).

(c) It is clear that the seizure of the truck and the search thereof were not tainted by the illegal search of the apartment. The prior illegal search of the apartment did not attenuate the authority of a subsequent seizure where the latter is based on police seeing the contraband (the truck) in plain view and searching and finding therein items to which appellant had no standing to object.

For these reasons the conviction for Count 2, pertaining to the truck, is upheld. Also the conviction for Count 3, pertaining to the clothes, is upheld because Count 3 lumped together all the clothes found both in the apartment and in the truck, and the admission of clothes found in the apartment was harmless error, in view of the admissibility of the clothes found in the truck. Evidence was adduced at trial to prove the value of each of the items of clothing and that all of that clothing had been stolen from a clothing store. There is evidence in the record that "several hundred of items" were found in the truck, and that the value of these items exceeded $100.00. Since, under Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842 (Code Ann. § 26-1812), the sentence could not have been less had the inadmissible items of clothing been properly

excluded from evidence, reversal is not authorized. See *Dent v. State*, 136 Ga. App. 366; *Burkett v. State*, 133 Ga. App. 728 (3b) (212 SE2d 870). The evidence of the clothing seized from the truck alone demands a verdict against appellant on this count, so that the error was harmless beyond a reasonable doubt. *Cauley v. State*, 130 Ga. App. 278 (203 SE2d 239).

3. In Enumeration 9, appellant contends that a witness was allowed to testify who was not on the list of witnesses furnished by the state to appellant's attorney, in violation of Art. I, Sec. I, Par. V of the Georgia Constitution (Code Ann. §§ 2-105 and 27-1405). The witness had told a policeman that the stolen truck belonged to appellant, and was called as a witness to testify to that effect at the trial. The prosecuting attorney stated in his place that he did not know, nor was he told by the policeman, nor made aware by the file, of the potential testimony of the witness. Appellant contends that because the policeman knew of the witness, this knowledge is imputed to the prosecuting attorney.

Such contention has been rejected in the cases of *Scott v. State*, 230 Ga. 413 (1) (197 SE2d 338); *Yeomans v. State*, 229 Ga. 488 (2) (192 SE2d 362); and *Evans v. State*, 227 Ga. 571 (3) (181 SE2d 845), which we follow in this case.

*Judgment reversed as to Count 1; affirmed as to Counts 2 and 3. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED DECEMBER 5, 1975 — REHEARING DENIED DECEMBER 19, 1975 —

*Rees R. Smith, Glenn Zell,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.